May Term,
1859.

GORDON
v.
GEORGE.

*W. Z. Stuart*, *J. U. Pettit*, and *C. Cowgill*, for the appellee.

---

## GORDON *v.* GEORGE.

Where one person takes a lease of lands of another, and thereby becomes bound to perform certain stipulations, and afterwards assigns the lease before entry, his assignee becomes liable to the performance of such stipulations. Such liability arises not from priority of contract between the lessor and assignee, but from priority of estate.

Where a counter-claim is pleaded, the jury may find for the defendant any excess over the amount proven by the plaintiff.

Thursday,
June 9.

APPEAL from the *Madison* Court of Common Pleas.

HANNA, J.—*Sarah George*, the appellee, gave a written lease to one *Black*, stipulating therein that *Black* should have the use of a parcel of land for five years; in consid-

eration of which *Black* was to clear the land and make it ready for the plow, and leave the premises in good repair. It was further agreed that *Black* should build a cabin and smoke-house, and dig a well on the premises, for which *Sarah George* was to pay 25 dollars, 37 cents. Before clearing the land or building the cabin, &c., *Black* assigned the lease, by indorsement, to the said *James Gordon*, appellant.

*Gordon* sued before a justice, alleging that he had built the house and smoke-house and dug the well; that the time had expired, and the lessor refused to pay for said house, &c.

The plaintiff recovered a judgment before the justice for 42 dollars. On appeal to the Common Pleas, the defendant had a verdict and judgment for 12 dollars.

The defendant, among other things, set up, by way of counter-claim, that the plaintiff had not cleared the ground according to the contract, &c.

The plaintiff asked the Court to instruct the jury that, "If the jury find the matters of counter-claim of the defendant exceed the amount which the jury may find due the plaintiff, the jury cannot find against the plaintiff such excess," which was refused. Upon this ruling of the Court, the only point made, by brief of counsel, is predicated.

By the statute (2 R. S. p. 120), a plaintiff may dismiss his action; but by § 365, "In any case, where a set-off or counter-claim has been presented, which, in another action, would entitle the defendant to a judgment against the plaintiff, the defendant shall have the right of proceeding to the trial of his claim, without notice, although the plaintiff may have dismissed his action, or failed to appear."

So, in *Vassear* v. *Livingston*, 3 Kern. 252, it is said that, "A counter-claim must contain the substance necessary to sustain an action on behalf of the defendant against the plaintiff, if the plaintiff had not sued the defendant."

In *Howland* v. *Coffin*, 9 Pick. 52, it was held by the Supreme Court of *Massachusetts*, "that the assignee of the lessee is liable to the assignee of the lessor in an action of

debt for the time he holds; for though there is no priority of contract, there is a priority of estate which creates a debt for the rent." See authorities cited.

In another case between the same parties, it is said, (12 Pick. 125), "The defendant took the term subject to all the advantages and disadvantages attached to it by the terms of the lease. The covenant for the payment of the rent ran with the land, and by the assignment of the term became binding on the defendant." See *Farmers' Bank* v. *The Mutual Ins. Co.*, 4 Leigh (Va.) 69; Taylor's Landlord and Tenant, 76; *Provost* v. *Calder*, 2 Wend. 517; 23 *id.* 506; 21 *id.* 32; *Vernon* v. *Smith*, 5 Barn. and Adol. 11.

It resolves itself into the question, then, under the above, and § 59, p. 41, of the same statute, and the authorities cited, whether the plaintiff was liable to the defendant for the non-performance of the contract of his assignor. We think, under the circumstances of this case, he was. He became the assignor of the whole interest of *Black*, before any part of the contract was performed. By receiving an assignment of the lease, and taking possession of the land under it, he surely became liable to perform the stipulations of that lease, so far as they had reference to improvements upon said land, if no others, of which we do not decide, as it is not necessary to do so.

The ruling of the Court upon the instruction was correct.

*Per Curiam.*—The judgment is affirmed with 10 per cent. damages and costs.

*J. Davis*, for the appellant.

*R. Lake*, for the appellee.