Burbank *v.* Dyer.

---

## Burbank *v.* Dyer.

LANDLORD AND TENANT.—*Tenant Holding Over.*—*Sale of Leasehold.*—*Tenancy from Year to Year.*—*Liability for Rent.*—*Notice.*—*Evidence.*—*Power of an Administrator.*—The administrator with the will annexed of the estate of a deceased testator leased, in writing, certain premises of such estate, to a tenant, for one year, at a fixed rent for the term, payable in specified monthly instalments, and after the expiration of such lease, whilst such tenant was holding over, sold and conveyed the leased premises to a purchaser, by the order of the proper court. And such tenant, having full notice of such sale, without making any new contract, continued to occupy said premises, paying rent therefor at the rate men-

tioned in such written lease, for two months after such sale, when, on merely verbal notice to the purchaser, he quitted such lease.

*Held,* that such tenant, so holding over, became the tenant from year to year of such purchaser, and was liable for the full year's rent commencing with the time of such sale.

*Held,* also, on suit for such rent, that the tenant could not introduce evidence of a parol contract with such administrator, contemporaneous with such written lease, that after the expiration of such lease the tenancy should continue only as one from month to month, such administrator having no power to encumber such realty beyond the time when his interest in such land would cease, which in this case was at the time of such sale.

PLEADING.—*Prayer for Relief.*—Where the same cause of action is stated in different forms in each of the several paragraphs of a pleading, the prayer for relief, as to all the paragraphs, is properly placed at the close of the last paragraph only.

PRACTICE.—*Supreme Court.*—*Assignment of Error.*—An independent assignment of error, amongst others, that "there are other manifest errors in the record" is too indefinite to present any question to the supreme court.

SAME.—*Cause for New Trial.*—Matter, which is only good as cause in a motion for a new trial, can not be presented to the supreme court, on appeal, by an assignment thereof as error.

SAME.—*Instructions to Jury.*—Where instructions to the jury, the giving or refusal to give which is complained of, are not in the record on appeal, no question in relation thereto is thereby presented to the supreme court.

From the Vanderburgh Circuit Court.

*J. S. Buchanan, H. C. Gooding* and *C. Buchanan,* for appellant.

*A. Dyer, J. M. Shackleford* and *R. D. Richardson,* for appellee.

HOWK, J.—This was an action by appellee, as plaintiff, against appellant, as defendant, in the court below, for the recovery of rent alleged to be due and unpaid. Appellee's complaint was in two paragraphs. In the first paragraph, it was simply alleged that appellant was indebted to appellee in the sum of two hundred and seventy-five dollars for rent of store on Main street, between Water and First streets, in the city of Evansville, Vanderburgh county, Indiana, from March 1st to August 1st, 1873, no part of which had been paid.

· In the second paragraph of his complaint, appellee alleged, in substance, that one Alvah Johnson, administrator of the estate of Octavia E. Lewis, deceased, being in possession of store No. 4, Main street, in Evansville, on the — day ——, 1871, by a written lease, then made between him and the appellant, a copy of which was annexed to said complaint, leased to the appellant the said premises for one year, commencing September 15th, 1871, for six hundred and sixty dollars per year, payable in monthly instalments of fifty-five dollars per month; that by virtue thereof appellant took possession of said premises and was possessed thereof on and after September 15th, 1872, and remained in possession thereof until March 1st, 1873, making no new contract for the rent thereof; that on the — day of January, 1873, said Johnson, by his deed, made under an order of the Vanderburgh court of common pleas, sold and conveyed said demised premises to the appellee, of which the appellant had due notice; that during February, 1873, the appellant paid the appellee all the rent due for January and February, 1873; that on March 1st, 1873, the appellant vacated said premises without notice, except that on February 20th, 1873, he verbally informed the appellee, through his agent, that he intended to vacate said premises on or about March 1st, 1873; that said premises had remained vacant until the commencement of this action, and that no part of the money, due for said time, had been paid. And judgment was demanded for two hundred and seventy-five dollars, as the rent of said premises until August 1st, 1873, and for all proper relief.

Appellant demurred, separately, to each paragraph of the complaint, for the want of sufficient facts therein to constitute a cause of action, which demurrers were severally overruled by the court below, and to these decisions appellant excepted. Appellant then answered in two paragraphs, as follows:

1. A general denial; and,

2. That on September 15th, 1871, appellant entered into the written lease mentioned in appellee's complaint, and continued to hold under said lease to June 15th, 1872; that when said lease was entered into, the appellant and said Alvah Johnson, administrator of the estate of Octavia Lewis, deceased, entered into a parol agreement, whereby it was agreed by and between said Johnson and appellant, that, after the expiration of said written lease, appellant was to continue to hold said store-room, as a tenant from month to month; and that when the appellee purchased said premises the appellant continued in the possession thereof without any different agreement, or the creation of any other or different tenancy than that of tenant from month to month; that appellant, in February, 1873, paid appellee the rent in full for said premises to March 1st, 1873, and then notified the appellee that he would vacate and deliver up said premises on March 1st, 1873; that the appellant, on March 1st, 1873, did quit the possession of said premises, and delivered up the keys thereof to appellee.

And appellee demurred to the second paragraph of appellant's answer, for the want of sufficient facts in said paragraph to constitute a defence to this action, which demurrer was overruled by the court below, to which decision appellee excepted. And appellee then replied, by a general denial, to said second paragraph of the answer. And the action, being at issue, was tried by a jury, who returned a verdict for the appellee and assessed his damages at two hundred and sixty-eight dollars and thirty-four cents.

Upon written causes filed, appellant moved the court below for a new trial of the action, which motion was overruled, and to this decision appellant excepted, and judgment was rendered upon the verdict.

In this court, the appellant has assigned eight alleged errors, the first five of which are not available to the appellant in their present form, in this court, for any pur-

pose. They state matters which, if put in proper form and made sufficiently specific, might possibly constitute good causes for a new trial of this cause, if presented in a motion for such new trial to the court below. The other three alleged errors are as follows:

6. The court below overruled appellant's demurrers to the complaint;

7. The court below refused to grant a new trial, and rendered judgment on the erroneous verdict of the jury; and,

8. There are other manifest errors in the record.

Appellant's learned attorneys have wholly failed to point out any objection to or defect in either paragraph of the complaint. They say that there was no prayer for any relief at the end of the first paragraph of the complaint. But this was not necessary. Where the same cause of action is stated, in different forms, in two or more paragraphs of a complaint, the prayer for relief, as to all the paragraphs, may well come, and properly does come, at the end of the last paragraph. There was no error, in the overruling of appellant's demurrers to appellee's complaint.

The eighth alleged error presents no question for our consideration. It is entirely too vague and indefinite. If the appellant, in any case, can not discover and point out to this court, in plain and intelligible language, the alleged errors of the court below, of which he complains, he need not flatter or delude himself with the idea that this court, or any of its judges, will devote a moment's time to an idle search for such alleged errors. It will not be done.

The only remaining alleged error is the seventh; and by this error we understand the appellant to mean, although it is not so written, that the court below erred in overruling his motion for a new trial. In his motion, appellant assigned eleven different causes for such new trial, as follows:

1. The verdict was not sustained by sufficient evidence.

2. The verdict was contrary to law.

3. Error of law, occurring at the trial and excepted to, in excluding offered evidence, setting it out at length.

The next seven causes were alleged errors of law, occurring at the trial and excepted to, in refusing to give, and in giving, certain specified instructions to the jury.

11. Because the damages were excessive.

The instructions which the court below refused to give the jury, and the instructions which the court below did give the jury, are none of them in the record. So that there is no question before us, in relation to the instructions, either those given to the jury, or those which the court below refused to give. Really, the only question before us, which appellant's counsel seem to rely upon for a reversal of the judgment of the court below, is ,whether the court erred or not, in the exclusion of certain evidence offered by appellant. Appellant had entered into the possession of the premises, described in the complaint, under a written lease for the term of one year, at a specified annual rent, payable in specified monthly instalments. After the expiration of the written lease, on September 1st, 1872, appellant held over, and had remained in possession of the demised premises, until March 1st, 1873, during which time he had made the same monthly payments of rent, as had been specified in the written lease. The theory of appellee's case was, that by holding over after the expiration of the year specified in the written lease, without any new contract or agreement, appellant had become the tenant of the demised premises for another year, or until September 1st, 1873, for the same annual rent, and payable in the same monthly instalments, as specified in said written lease. And so, upon the trial in the court below, the appellee, to make out his case, had put in evidence the written lease, and had shown that appellant had continued in possession of the demised premises after the expiration of said lease, paying the

same monthly rent as before, until March 1st, 1873, and
then left the premises, and the sale and conveyance to
appellee, under the order of the Vanderburgh common
pleas court, on January 17th, 1873, of the demised prem-
ises. To meet appellee's case, thus made, appellant offered
to prove, on the trial, by himself and other competent
witnesses, that at the time the written lease was made,
appellant and Alvah Johnson made a separate and inde-
pendent parol agreement, that after the expiration of the
one year of the written lease the appellant was to have
the property by the month, and that after the expiration
of said lease appellant remained in said property and paid
rent therefor by the month to the lessor, and the same
was accepted by the lessor, the lessee and lessor both act-
ing upon said parol agreement and carrying out the same;
that said lessor positively refused to lease by the year for
more than one year, for the reason that it was his duty,
as executor, to sell the property.

To this offered evidence, the appellee objected, and the
court below sustained the objection and excluded from the
jury the evidence so offered, and to this decision appellant
excepted.

It will be seen from this offered evidence, that appellant
based his defence to appellee's action upon the alleged
fact, that after the expiration of the written lease, he
became the tenant from month to month of the demised
premises, and so continued until he left them, under a
parol contract entered into between him and said Alvah
Johnson, at the same time they executed the said written
lease.

The record does not disclose what appellee's objections
were to the admission of the offered evidence; but it is
very clear to our minds, that the alleged fact, which ap-
pellant sought to prove by the offered evidence, was, in
this case, wholly immaterial. It abundantly appears
throughout the entire record of this case, that the only
estate, which Alvah Johnson, the lessor of the appellant,

had in the demised premises, was the special and qualified estate he had therein, by reason solely of the facts that he was administrator, with the will annexed, of the estate of Octavia E. Lewis, deceased, and that said demised premises were a part of said decedent's estate. Alvah Johnson could not give the appellant a larger estate in said demised premises, than his own estate therein. And therefore it was immaterial what Alvah Johnson's contract with appellant might be, or what the terms of such contract were. When, under the order of the Vanderburgh common pleas court, the demised premises were sold and conveyed to appellee, the special and qualified estate of Alvah Johnson, in said premises, at once ceased, and *eo instanti* appellant's leasehold estate under Johnson, in said premises, also ceased. We hold, therefore, that the evidence, offered by appellant, was properly excluded from the jury, for the reason that the alleged fact, sought to be proved by the evidence, was wholly immaterial in this case.

It was proved by appellee, and not denied by appellant, that the latter had notice of the sale of the demised premises to appellee. Appellant was bound to know that his lease under Johnson was determined, by the sale and conveyance of the demised premises to appellee; and if he wished any other tenancy under appellee than the tenancy from year to year, which the law itself created where the premises were occupied merely by the consent of the landlord, he should at once have sought for such other tenancy, by contract with the appellee. 2 R. S. 1876, p. 338, sec. 2. By the express terms of this section two, just cited, appellant's tenancy under appellee, of the demised premises, was, in our opinion, a tenancy from year to year.

It is insisted by appellant that the appellee, by his own acts, put an end to the tenancy, within a short time after the appellant left the demised premises. Upon this point, the evidence was conflicting; but it was for the jury to

reconcile the conflicting evidence, and to determine which of the witnesses, upon this and all other points in the case, were the more worthy of belief. There was evidence before the jury tending to sustain appellee's cause of action, and where this is the case we can not disturb the verdict upon the mere weight of evidence.

One other cause for a new trial was assigned in appellant's motion, and that was that the damages assessed by the jury were excessive. This question, appellant's counsel have not noticed in their argument, and we might well regard it as waived. But we may say that the jury, having found for appellee, could not have assessed his damages, under the evidence, for any less sum than they did.

In our opinion, the court below committed no error in overruling appellant's motion for a new trial.

The judgment of the court below is affirmed, at the costs of the appellant.