No. 7680.

## TOLLE v. ORTH.

LANDLORD AND TENANT.—*Action for Rent After Expiration of Term of Lease.—Surrender of Premises.—Payment of One Month's Rent.*—Where a tenant occupying premises under a lease for five years, the rent being payable at the end of each month, held over, and, on the third day of the month beyond the term, notified the landlord in writing, that he would surrender such premises at the expiration of the month, and paid that month's rent, leaving the keys thereof on a table in the landlord's office, he did not thereby effect a surrender of the premises, and is liable in an action for rent accruing thereafter.

SAME.—*Tenancy From Year to Year.*—By voluntarily remaining in possession beyond the term of the lease, the tenant gave the landlord the option of treating him as tenant for another year, upon the same terms of payment as had before prevailed, and the acceptance of the money tendered with the keys of the building does not affect the question.

SAME.-*Acceptance of Rent.*-Where rent is unconditionally due, the landlord may accept the money and reject the keys of the building.

From the Tippecanoe Circuit Court.

*J. R. Carnahan, R. P. Davidson* and *J. C. Davidson,* for appellant.

*J. Park,* for appellee.

WOODS, J.—Action for the recovery of rent of real estate. Error is assigned upon the overruling of the motion for a new trial, which is asked for the alleged reason that the verdict is contrary to the law and the evidence.

The evidence shows that the appellee, Godlove S. Orth, leased the premises, a store-room in Lafayette, to Jacob Stahl and Reinhold Fritch, for the period of five years, ending November 1st, 1877, at an annual rent of seven hundred and twenty dollars, which the lessees agreed to pay in equal instalments at the end of each month. The lessees, as partners in trade, manufactured and sold tobacco in the leased premises. In 1873 Fritch died, and in 1874 the appellant bought, whether from Fritch's administrator or from Stahl as surviving partner, does not appear, the interest of Fritch, and went into partnership with Stahl. . The new firm continued in the business and in the occupation of the premises,

Tolle *v.* Orth.

paying the rent according to the terms of the lease, of which, however, there had been made no formal or written assignment to the new firm, or of any interest therein to the appellant, until October 8th, 1877, when Stahl died. The appellant continued in possession, claiming to be, and acting as, surviving partner, until November 7th, 1877, when he bought of the administrator his deceased partner's interest, but took no formal assignment of the lease, the time of which had expired on the 1st of that month. On the 3d of the month the appellant caused to be delivered to the appellee a written notice that the appellant would surrender the building to the appellee on the 30th of November, 1877, and thereupon the appellee, within a few days, called upon the appellant, and they had on the subject some conversation, about which their testimony is somewhat inharmonious; but, according to the testimony of either, there was nothing occurred to affect the legal status of the case. On the 30th of the month the appellant, by an agent, sent to the appellee the rent accrued to that time, at the rate theretofore paid, and also the keys to the premises. The appellee received the rent, but refused to accept the keys. The appellant sent the keys again, and caused them to be left upon a table in the office of the appellee, but presumably without the consent of the appellee. Whether the premises were actually occupied, and by whom, after November 30th, 1877, is left to inference from the facts proven, as already substantially stated. The complaint is to recover for the time from said date until February 24th, 1878. The circuit court gave a finding and judgment for the plaintiff for the sum of one hundred and sixty-eight dollars.

The question discussed by counsel is whether the appellant effected a lawful surrender of the premises on November 30th, 1877. The counsel for the appellee contends that, by remaining in possession after November 1st, 1877, when the term of the lease ended, he became, in the absence of a

different agreement with the appellee, a tenant from year to year. The counsel for the appellant, on the other hand, have argued, at considerable length, several propositions in reference to the relation of the appellant to the written lease, tending to the conclusion which they maintain, that the appellant never became party or privy to the contract so as to come under any obligation by reason thereof to the appellant. Be this as it may, the fact remains that Stahl & Fritch had possession under the lease, and from and through them the appellant got the possession, the same possession which they had. For three years, in company with Stahl, he occupied, paying in accordance with the stipulations of the lease, and, from October 8th, 1877, the date of Stahl's death, he was sole occupant, holding until November 1st at least by virtue, and only by virtue, of the lease. He was certainly beyond the power of the appellee to treat him as a trespasser, and his own acts show plainly that from the time he joined with Stahl in the business he regarded himself as the equitable, if not the legal, assignee of the lease. He at least had possession under it, and if he took advantage of that possession to hold over, the result must be the same as if he were the lessee named in the instrument. He did hold over for a whole month without procuring the agreement of the appellee that he need hold for that time only. He had held over for three days before giving any notice of his intention to the appellee. The notice given was not in the shape of a proposition which called upon the appellee to accept or reject it, but was simply an announcement of the appellant's purpose to surrender on a day named, not asking consent, but assuming the right, to remain until that day. By the statute, all general tenancies in which the premises are occupied by the consent, either express or constructive, of the landlord, shall be deemed tenancies from year to year. 2 R. S. 1876, p. 338, sec. 2; *Burbank* v. *Dyer*, 54 Ind. 392; *Thiebaud* v. *The First National Bank*, etc., 42 Ind. 212;

*Bright* v. *McOuat*, 40 Ind. 521 ; *Gordon* v. *George*, 12 Ind. 408. By voluntarily remaining in possession beyond the term of the lease, the appellant gave the appellee the option of treating him as tenant for another year, upon the same terms of payment as had before prevailed, and the acceptance of the money tendered, though tendered together with the keys, at the expiration of the time named in the notice of surrender, does not affect the question. The money offered was unconditionally due, and the appellant had a right, therefore, to accept the money and reject the keys.

Judgment affirmed, with costs.