Rothschild *et al. v.* Williamson.

No. 9811.

ROTHSCHILD ET AL. *v.* WILLIAMSON.

| 83 | 387 |
| 134 | 132 |

LANDLORD AND TENANT.—*Lease.—Renewal.—Holding Over.—Rent.*—Where a lease is for a certain period, and the tenant holds over, the receipt by the landlord of rent for such continued occupancy gives the tenant the right, in the absence of an agreement, to hold during another term equal to the first.

SAME.—*Notice to Quit.*—A demise for no definite period, at a fixed rate per month, creates a tenancy from year to year under the statute (R. S. 1881, sections 5208, 5209), and requires notice to quit.

SAME.—*Damages.—Evidence.*—In a suit against a tenant holding over under the statute, special damages not alleged can not be shown in evidence.

From the Decatur Circuit Court.

*C. Ewing* and *J. K. Ewing,* for appellants.

*J. S. Booth, W. A. Moore* and *B. F. Bennett,* for appellee.

FRANKLIN, C.—The appellants, who were plaintiffs in the court below, sued the appellee before a justice of the peace for possession of a house and lots in the town of Milford, Decatur county, Indiana, and for damages for being kept out of the possession of the same.

The cause was tried before the justice and appealed to the circuit court, and was there tried by the court, which found for appellee, and over a motion for a new trial judgment was rendered accordingly. The error assigned in this court is the overruling of the motion for a new trial.

The reasons stated for a new trial are:

1st. The finding of the court is not sustained by sufficient evidence.

2d. The finding is contrary to law.

3d. The tenancy held by the defendant was a tenancy at sufferance, and no notice to quit was necessary.

4th. The term under which the defendant held the premises had expired, and no notice to quit was necessary.

5th. Refusal to admit proper testimony.

The third and fourth reasons stated are properly embraced in the first and second, and need not be further noticed.

The questions presented under the first and second reasons are, what kind of a tenancy existed, and was notice to quit necessary?

The evidence shows that appellants rented the premises to appellee about the first of July, 1880, at $8 per month.

Appellants' evidence shows that the term of renting was for two months.

Appellee's evidence is in conflict with that, and leaves the time that the tenancy should exist indefinite, though he was to pay the $8 per month rent.

About the first of September two of appellants attempted to settle with appellee for half of the rent for July and August; toward the last of September the other two appellants settled for half of the rent for July, August and September. At both times there was a balance due appellee, which he desired to apply on future rents, and which appellants desired to apply on other claims against appellee, but no agreement was made as to the application, and appellants made no payments as to the balances found due.

This suit was commenced in March, 1881. Appellee continued to occupy the premises until June, 1881, when he abandoned them, without returning the keys to appellants, who took possession the 1st of September, 1881, a few days before the trial of the cause in the circuit court.

The act in relation to landlords and tenants, 2 R. S. 1876, p. 338, provides:

"Sec. 2. A tenancy at will can not arise or be created without an express contract; and all general tenancies, in which the premises are occupied by the consent, either express or constructive, of the landlord, shall be deemed tenancies from year to year.

"Sec. 3. All tenancies from year to year, may be determined by at least three months' notice given to the tenant prior to the expiration of the year; and in all tenancies which, by agreement of the parties, express or implied, are from one

period to another of less than three months' duration, a notice equal to the interval between such periods shall be sufficient."

The words "all general tenancies," as used in the second section above, mean such tenancies only as are not fixed and made certain in point of duration by the agreement of the parties; and these tenancies are deemed to be tenancies from year to year. Estates for years embrace such as are for a fixed period, for a single year, or for a period still less, if definite and ascertained, as a term for a fixed number of weeks or months, as well as for any definite number of years, however great. *Brown's Administrators* v. *Bragg,* 22 Ind. 122. Where a tenant voluntarily holds over he gives to his landlord the option of treating him as tenant for another period equal to the one under which he had held, and upon the same terms as had before prevailed. *Burbank* v. *Dyer,* 54 Ind. 392; *Tolle* v. *Orth,* 75 Ind. 298 (39 Am. R. 147).

Where a tenant holds over by the consent of the landlord, either express or constructive, and the landlord receives the rent after the expiration of the term, there being no agreement to the contrary, he gives to the tenant the option to hold out another term equal to the one under which he had previously held. *Bright* v. *McOuat,* 40 Ind. 521; *Thiebaud* v. *First National Bank of Vevay,* 42 Ind. 212, p. 220.

In the case under consideration, if the contract was, as insisted upon by appellants, for a renting for only two months, the receiving of half the rent for the month of September, after the expiration of the two months, would give the appellee the right to hold over for the two months longer; and the reception of the rent would tend to show the consent of appellants, either directly or constructively, to the holding over. If the contract was, as the evidence of appellee tended to prove, that appellee should pay $8 per month, without limit as to the number of months that it should run, then a general tenancy was created, and it must be deemed a tenancy from year to year, and notice would be required to terminate it.

We are informed by counsel that the court below held that

a notice to terminate the tenancy was necessary before the bringing of the suit, and, therefore, found for the defendant.

We think the evidence tended to support the finding, and that it is not contrary to law.

The fifth reason for a new trial is in relation to the refusal to allow certain testimony to be given on the trial. The appellants offered to prove by a witness upon the stand that the premises, while occupied by appellee in holding over, had been specially damaged, in this, " that window lights had been broken out, currant bushes broken down, a grape-vine dug up and taken away, and the fence torn down, to the damage of said property in the sum of $25," which testimony was refused by the court.

The complaint in this case did not allege any special damages; it only claimed general damages for the detention of the premises; that could only include rents for their use and occupancy. To permit such special damages to be proven and recovered, in a case like this, would be proving and recovering damages for things not sued for, and of which the defendant had had no notice to prepare to defend against.

In the case of *Lindley* v. *Dempsey,* 45 Ind. 246, it was held by this court that special damages could not be recovered unless they were alleged in the complaint. In the absence of such allegations, the plaintiff is limited in his recovery to such damages as naturally arise from the breach complained of; and, in order to prevent surprise on the defendant, he will not be permitted to give in evidence any other.

There was no error in excluding this testimony.

The court below did not err in overruling the motion for a new trial.

The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and the same is in all things affirmed, with costs.