No. 9599.

COOMLER v. HEFNER.

LANDLORD AND TENANT.—*Tenancy by Sufferance.*—A tenancy by sufferance arises when a tenant, who came into possession lawfully, holds over wrongfully after the determination of his interest.

SAME.—*Tenancy from Year to Year.*—Under the statute concerning the relation of landlord and tenant, a tenancy for an indefinite time is a tenancy from year to year.

SAME.—*Holding Over.*—When a tenant for a fixed period holds over the time, with the consent of the landlord, it becomes a tenancy for another like term; unless, as in this case, the parties stipulate for a different term.

SAME.—*Notice to Quit.*—Notice to quit is necessary in order to terminate either a tenancy at will, or, in the absence of a special contract, a tenancy from year to year.

From the Huntington Circuit Court.

*J. B. Kenner* and *J. I. Dille*, for appellant.

*J. C. Branyan, C. W. Watkins, M. L. Spencer* and *S. M. Sayler*, for appellee.

WOODS, C. J.—Action commenced before a justice of the peace, by the appellee against the appellant, to recover the possession of real estate. The appellant had occupied as the tenant of the appellee, and the question is whether a notice to quit was necessary in order to terminate the tenancy. It

is conceded that no notice was given, and for this reason the appellant claims that the verdict against him is contrary to the law and the evidence, and, consequently, that his motion for a new trial should have been granted. Counsel for the appellee insist that a notice to quit was not necessary, because the evidence shows either a tenancy at sufferance or a tenancy which terminated at an agreed time.

There is no material conflict in the evidence in respect to its bearing upon the point. The appellee testified: " I rented the farm to Mr. Coomler, about seven years ago, for one year. When the year was up he came to me and wanted to know if he could stay longer. I told him that he could. I said he could stay as long as we agreed, but that he was to give up possession of the place whenever I wanted it. There was but very little said about the matter. Afterwards he remained there under that contract, which was oral, for about seven years. It was always my understanding that Coomler was to leave whenever I desired him to do so. * * * I rented the place to Coomler at first for one year, and at the expiration of one year I told him he could stay on until I told him to get off. About September, 1879, I sent my son to tell him that he could not have the place any longer."

The appellant testified: "I went on to the farm of John Hefner about the first of September, 1872, and was there over seven years. There was no special contract as to the time, but I was to have the farm so long as we could agree, and I was to give Hefner one-third grain rent. We never had or made another contract. I spoke to Mr. Hefner about some talk I heard about his putting me off, and Hefner said there was no truth in it, but to go on, and when he wanted me off he would tell me. Mr. Hefner's son came to me last spring and said I must get off. I refused. This was on Thursday, and suit was brought against me on Saturday."

Levi Hefner, the son of the appellee, testified: " I went to him last fall and told him that father told me to tell him that he could not have the place any longer, and that if he wanted

to put out wheat he, plaintiff, wanted four dollars per acre rent for the wheat land. Defendant sowed wheat on the land. The defendant said he would not give up the farm; that it was too late to get a farm elsewhere."

The statute concerning the relation of landlord and tenant provides:

1. "That estates at will may be determined by one month's notice, in writing, delivered to the tenant."

2. "A tenancy at will can not arise or be created without an express contract; and all general tenancies, in which the premises are occupied by the consent, either express or constructive, of the landlord, shall be deemed tenancies from year to year."

3. "All tenancies from year to year may be determined by at least three months' notice given to the tenant prior to the expiration of the year," etc.

5. "Where the time for the determination of a tenancy is specified in the contract, or where a tenant at will commits waste, or in the case of a tenant at sufferance, and in any case where the relation of landlord and tenant does not exist, no notice to quit shall be necessary." 2 R. S. 1876, p. 336. R. S. 1881, secs. 5207, 5208, 5209, 5213.

"A tenancy at sufferance arises, when a man comes into possession lawfully, but holds over wrongfully, after the determination of his interest." Taylor L. & Ten., sec. 64.

It is plain that the tenancy under consideration was not in the first instance by sufferance; and if it became such it was upon a termination at some time of the prior tenancy.

The original tenancy, according to the testimony of the appellant, was for an indefinite time, and by the statute was a tenancy from year to year.

By the testimony of the appellee it was originally a tenancy for one year, and, at the end of that, it was made, by a new agreement, a tenancy for an indefinite time, and became, by force of the statute, a tenancy from year to year.

Counsel for the appellee argue that, by continuing in pos-

session after the expiration of the first year, the appellant became a tenant for another year, under the terms of the original contract; and this doubtless would have been the result if there had been a mere continuation of the possession, with the consent of the landlord, express or implied; but the express agreement made between the parties, that he should stay as long as they agreed, and give up possession whenever the landlord wanted it, excludes the application of that doctrine and makes the holding clearly either a tenancy from year to year, or a tenancy at will, and in either case a notice to quit was necessary; and until the proper notice had been given there was and could be no tenancy by sufferance.

The case of *Whetstone* v. *Davis*, 34 Ind. 510, has been cited, but it is essentially unlike this case.

The provisions of the statute, and the general principles applicable to the subject, this court has had under frequent consideration. *Gordon* v. *George*, 12 Ind. 408; *Falley* v. *Giles*, 29 Ind. 114; *Bright* v. *McOuat*, 40 Ind. 521; *Thiebaud* v. *First Nat'l Bank, etc.*, 42 Ind. 212; *Tolle* v. *Orth*, 75 Ind. 298 (39 Am. R. 147); *Burbank* v. *Dyer*, 54 Ind. 392; *Clark* v. *Rhoads*, 79 Ind. 342.

Judgment reversed, with instructions to grant a new trial.