Filed Oct. 16, 1884.

---

No. 11,098.

## BOLLENBACKER ET AL. *v.* FRITTS.

LANDLORD AND TENANT.—*Holding Over.— Consent of Landlord.— Renewal of Lease.*—When a tenant for a fixed period, less than one year, remains in possession beyond that period, with the consent, express or implied, of the landlord, it creates a tenancy for another term, equal in time to the one under which he had previously held, and in the absence of an agreement to the contrary, upon the same terms and conditions.

SAME.—*Recovery of Possession.— Waste.— Value of Unexpired Term.—Malice.*— In an action during the term of a lease, to recover possession on the ground of waste, it is essential to prove that the injury to the property caused by the waste is equal to the value of the unexpired term, or that the injury was done in malice.

From the Owen Circuit Court.

*S. O. Pickens, W. W. Moffit* and *D. L. Weir*, for appellants. *W. A. Montgomery* and *G. W. Grubbs*, for appellee.

COLERICK, C.—This action was brought by the appellee against the appellants to recover the possession of certain real estate, situate in the town of Gosport, Indiana, and damages for waste, alleged to have been committed thereon by the appellants.    The issues that were formed in the action were tried by the court, and resulted, over a motion for a new trial, in the rendition of a judgment in favor of the appellee, for the possession of the property, and for damages.    One of the alleged errors assigned by the appellants for the reversal of

the judgment so rendered is the ruling of the court in over-ruling the motion for a new trial. Among the causes assigned in support of the motion for a new trial were that the finding of the court was not sustained by sufficient evidence, and was contrary to law. The facts in this case, as disclosed by the evidence, which is in the record, are as follows: On the 27th day of July, 1881, the appellee rented to the appellants the real estate in controversy for a term of eight months, commencing August 1st, 1881, at five dollars per month, payable monthly; the lease, which was executed by the parties, embraced among its provisions the following: "And it is further agreed by and between the parties hereto that the said tenants, at the expiration of said lease, are to have the privilege of renting said property for a longer period if they so desire, or to purchase said property at their option." The appellants did not, before or after the expiration of the term specified in the lease, avail themselves of the privilege of renting the property for a longer period or purchasing the same, but they continued to occupy the property after that time the same as before, and were in its occupancy at the time this action was instituted, which was on the 12th day of May, 1882. On the 1st day of April, 1882, after said term of eight months had expired, the appellants paid to the appellee, as rent for the property for the month of April, 1882, the sum of five dollars, which he accepted. The property was rented by the appellants for a stave factory, and in order to enable them to occupy the buildings thereon for that purpose, it became necessary for them to make certain changes and alterations in the buildings, which, before that time, had been used for a woollen factory, so as to adapt them to the purposes for which the appellants desired to use them, and the changes and alterations so made constituted the commissive or voluntary waste that was committed by the appellants.

No evidence was introduced or offered, showing, or tending to show, that the injury to the property by the commission of the waste complained of was equal to the value of

Bollenbacker *et al. v.* Fritts.

the appellants' unexpired term as the lessees of the property. Upon these undisputed facts, was the appellee entitled to recover the judgment that was rendered in his favor?

When a tenant, for a fixed period, less than one year, remains in possession of the property beyond that period, with the consent, express or implied, of the landlord, it creates a tenancy for another term equal in time to the one under which he had previously held, and, in the absence of an agreement to the contrary, upon the same terms and conditions. *Bright* v. *McOuat*, 40 Ind. 521; *Thiebaud* v. *First Nat'l Bank*, 42 Ind. 212; *Tolle* v. *Orth*, 75 Ind. 298 (39 Am. R. 147); *Rothschild* v. *Williamson*, 83 Ind. 387; *Coomler* v. *Hefner*, 86 Ind. 108; *Terstegge* v. *First German, etc., Society*, 92 Ind. 82 (47 Am. R. 135). The appellants' continued occupancy of the property in dispute after the expiration of the term created by the lease, with the consent of the appellee, as evidenced by his act in receiving after that time rent from them, gave the appellants the right to hold the possession of the property for an additional period of eight months from the expiration of their first term, and upon the terms and conditions specified in the lease. The new tenancy so created existed at the time of the institution of this action unless the waste committed by the appellant terminated it. The statute provides that " Wrongs heretofore remediable by action of waste shall be subjects of action, as other wrongs in which there may be judgment for damages, forfeiture of the estate of the party offending, and eviction from the premises. Judgment of forfeiture and eviction shall *only* be given in favor of the person entitled to the reversion against the tenant in possession *when the injury to the estate in reversion shall be adjudged in the action to be equal to the value of the tenant's estate or unexpired term,* or to have been done in malice." R. S. 1881, section 286. In this case no such judgment was rendered, nor would the rendition of such a judgment have been authorized, as there was an entire absence of evidence showing that the injury to the property, caused by the waste, was equal to the value of the un-

expired term of the lessees thereof, and in the absence of such evidence, which was essential to the appellee's right to recover under the statute cited, the court should have found in favor of the appellants. It follows from what we have said that, in our opinion, the court erred in overruling the motion for a new trial, and for the error so committed the judgment ought to be reversed.

PER CURIAM.—The judgment of the court below is reversed, at the costs of the appellee, and the cause is remanded with instructions to the court to sustain the motion for a new trial, and for further proceedings in accordance with this opinion.

Filed Oct. 16, 1884.