No. 64.

## McNatt *v.* The Grange Hall Association of Indian Creek Grange No. 828, P. of H.

LANDLORD AND TENANT.—*Action for Possession Before Justice of the Peace.* —*Complaint.*—*Sufficiency of.*—In an action before a justice of the peace under section 5213, R. S. 1881, to recover the possession of the leased premises, a complaint is sufficient which alleges that the defendant rented the premises of the plaintiff for $6.25 per month payable in advance, that on a certain day there became due from the defendant to the plaintiff one month's rent, and that since then the defendant has been unlawfully in possession of the premises because of the non-payment of said rent.

SAME.—*Pleading.*—*Special Answer.*—*When Court May Refuse to Permit Filing of.*—The court may properly refuse to permit an answer to be filed in such action which avers that a change was made in the terms of the lease by which the tenant was to pay rent at the end of each month, and not in advance, since the matter alleged may be shown without being specially pleaded.

SAME.—*Holding Over.*—*Terms of Lease.*—*Modification of.*—The plaintiff's trustees, by oral agreement, leased certain premises to the defendant until the expiration of their term of office, the rent to be payable in advance. Defendant paid the rent for each month in advance up to the time the term of office of said trustees expired. Prior to the date of the expiration of their term of office, and the election of the new trustees, defendant paid the rent in advance for the month ending after such election. The defendant held over, and did not pay in advance at the beginning of the next month, but several days after the end of

the month he made the payment, informing the trustee authorized to collect the rent that he would not pay the rent in advance any longer. The trustee, who was authorized only to collect the rent, and not to change the terms of the lease, afterwards, under the direction of the trustees, notified the defendant that he must pay in advance or give up the property. The defendant, however, continued to pay the rent at the end of the month, and the trustee continued to accept it for several months, until an action for possession was commenced before a justice of the peace.

*Held,* that the defendant, by holding over after the expiration of the tenancy, gave the plaintiff the option of treating him as a tenant for another term, and the fact that the trustee accepted the rent offered did not change the terms of the contract in regard to the payment of the rent in advance.

From the Marion Circuit Court.

*R. Denny* and *J. R. McFee,* for appellant.
*W. W. Woollen,* for appellee.

Robinson, J.—This action was commenced before a justice of the peace on the 26th day of October, 1886. The complaint alleges that the plaintiff, who is the appellee, was a corporation duly incorporated under the laws of the State of Indiana; that the appellant on the 21st day of May, 1885, rented and leased of the appellee the following real estate in Marion county, and State of Indiana, to wit: Lot numbered two (2) of the original plat of the town of Oakland, excepting the hall of the building that is situate thereon, at a rental value of six dollars and twenty-five cents per month, payable in advance; that on the 21st day of October, 1886, there was and became due from the appellant to the appellee the sum of six dollars and twenty-five cents for and on account of one month's rent from that day on the said house and real estate; that the appellant since the 21st day of October, 1886, has been unlawfully in the possession of said real estate because of the non-payment of said rent. Wherefore the appellee demanded possession of said real estate and fifteen dollars damages for detention.

The appellant demurred to the complaint, which was over-

ruled, and the general denial entered. Trial and judgment in favor of appellee for ten dollars and costs.

The appellant then appealed to the Marion Circuit Court. In this court appellant refiled the demurrer to the complaint, which was overruled and excepted to.

Appellant then offered to file an answer to the complaint, alleging the following facts:

The answer admits that appellant on the 21st day of May, 1885, leased of the trustees of the plaintiff the property described in the complaint, at the monthly rent of six dollars and twenty-five cents per month, payable in advance; that such lease was to continue until the expiration of the term of office of said trustees; that the term of office of said trustees expired on the 12th day of March, 1886; that thereupon John Moore and two other persons were elected trustees of said association, and said Moore was authorized as such trustee to take charge of said property for rental purposes; that prior to March 12th, 1886, he had paid the rent of said property up to the 21st day of March, 1886; that after that date the time of payment of said rent was changed, in this, to wit, that on the 1st day of May, 1886, he paid to said Moore, trustee as aforesaid, six dollars and twenty-five cents as the rent from March 21st to April 21st, and at the time of making said payment notified said Moore that his contract to pay rent in advance was to run only as long as the term of the former trustees continued; that in the future he would not pay the rent in advance. The answer then alleges that appellant continued to pay the rent at the end of each month up to October 21st, 1886; that this suit was commenced by filing complaint and issuing summons on the 26th of October, 1886, at which time no rent was due from the appellant to the appellee, etc.

The answer was sworn to.

The court refused to allow said answer to be filed, upon the ground and for the reason then and there stated by the court that the evidence in support of the matters set up in

the answer is admissible under the general denial, which the statute puts in without plea, to which ruling of the court the appellant then and there excepted, and within the time allowed by the court filed his bill of exceptions. And afterwards, on the 1st day of December, 1888, the cause was tried by the court, and there was a finding and judgment for the appellee for the possession of said property, and the sum of sixty-six dollars and sixty-six cents damages. Thereupon the appellant filed a motion for a new trial, which was overruled, and excepted to.

Then appellant filed his motion in writing for judgment in his favor for all costs in said court arising out of said action, for the reason, as shown in said motion, that the appellant appeared before the justice at the trial of the cause in said justice's court, that judgment was rendered against him by the justice for $10 and the possession of the property in controversy and costs, that he appealed from said judgment to said court, that this action is for rent at the rate of $6.25 per month, from the 21st day of October, 1886, that said judgment was so rendered by the justice on the 6th day of November, 1886, when but seventeen days' rent had accrued, amounting to only $3.55, and being for $6.45 less than the amount for which the justice rendered judgment in this cause, as appears from the finding and judgment of said court in said cause. Wherefore appellant asked to have the costs in said cause in said court taxed against the appellee, etc., which motion the court overruled, to which ruling the appellant then and there excepted, and filed his written bill of exceptions duly signed by the court.

Under the assignment of errors the questions in the case are presented, under the alleged error of the court in overruling the demurrer to the complaint; in overruling appellant's offer to file an answer, and in declining and refusing to permit said answer to be filed; in overruling appellant's motion for a new trial; and in overruling appellant's motion to tax the costs in the circuit court against the appellee, and

in rendering judgment against the appellant for all costs occasioned by the filing of said motion to tax costs against the appellee.

This action was commenced before a justice of the peace under section 5213, R. S. 1881, and seeks to recover the possession of certain real estate from the appellant, the lessee, under a lease of the premises for $6.25 per month, payable in advance. It is alleged in the complaint that, on the 21st day of October, 1886, there was and became due from the appellant to the appellee one month's rent, to wit, the sum of $6.25; that the appellant, since the 21st day of October, 1886, has been unlawfully in possession of said real estate because of the non-payment of said rent.

The contention of the appellant is that the demurrer should have been sustained to the complaint, because, among other reasons, the complaint does not state by the express terms of the contract that the rent was payable in advance, and it does not state that the tenant refused or neglected to pay rent.

Under the liberal rules of practice in justices' courts it is only necessary to determine whether the complaint states facts sufficient to inform the defendant of the nature of plaintiff's cause of action in such manner that a judgment thereon would be a bar to another action for the same cause. Under the law laid down in numerous decisions by the Supreme Court, it is clear to us that the averments in the complaint were amply sufficient to bring the complaint in this case within the rule, and that the demurrer to the complaint was correctly overruled. *United States Ex. Co.* v. *Keefer*, 59 Ind. 263; *Milholland* v. *Pence*, 11 Ind. 203; *Clark* v. *Benefiel*, 18 Ind. 405; *Powell* v. *De Hart*, 55 Ind. 94.

The trial court refused to allow the appellant to file a special answer to the complaint, which answer is substantially set out in the statement of the case in this opinion. The answer is not one that is required by statute in actions originating before justices of the peace to be specially

pleaded, but all matters therein contained could be given in evidence without plea, and it was on this ground that the court declined and refused to allow the special answer to be filed.

There was no error in this ruling.

The next question presented for our consideration under the assignment of errors is as to the correctness of the court in finding for the appellee and in refusing a new trial to the appellant.

The evidence is in the record, which was an agreed statement of facts, and certain parol evidence which was to be heard under the agreed statement of facts.

In order to clearly understand the contention of the parties a statement of the evidence upon the trial becomes necessary.

On the 21st day of May, 1885, the trustees of the appellee, by oral agreement, leased the premises in controversy to the appellant until the expiration of the term of office of said board of trustees, at $6.25 per month, payable in advance. The term of office of said trustees expired March 12th, 1886, at which time John Moore and two others were elected trustees. When the new trustees were elected, to wit, on March 12th, 1886, appellant had paid rent up to March 21st, 1886, and had paid the rent in advance. At the time of the election of the new trustees John Moore, one of said trustees, was authorized by the board of trustees to take charge of the collection of the rent for said real estate. On the 1st day of May, 1886, the appellant paid the rent up to April 21st, 1886, to said John Moore, and informed said Moore that he would not pay the rent in advance any longer. Moore informed appellant he must pay the rent in advance or must leave the property. Appellant did not thereafter pay the rent in advance at the beginning of each month.

Appellee's new board of trustees always received rent at or after the end of each month, and continued to do so until

the bringing of this suit, October 26th, 1886, five days after the appellee claimed the rent due and payable in advance; that afterwards said John Moore told appellant, under the direction of the other trustees, that he must pay the rent in advance or get out of the property, and Moore had no authority from the trustees other than to collect the rents; that at the end of each current month thereafter appellant tendered the monthly rent, which the appellee's trustees, refused to accept, which was after the commencement of this suit, and when the tender of the money for the rent was made there was no offer made to surrender possession of the property, and for this reason the money was not received; that on the 30th day of November, 1886, appellee served on the appellant a three months' notice to quit said premises.

The material question that arises upon the facts proven upon the trial is, was there any change after the expiration of the term of the board of trustees of the appellee, who were serving when the premises were leased to the appellant, their term expiring March 12th, 1886, as to the terms of the lease by which appellant was to pay the rent at the end of each month, and not in advance as in the original agreement? If there was such change, the rent being due October 21st, 1886, that being the end of the month, having been paid and suit commenced before the justice October 26th, 1886, the suit was prematurely commenced, because there was no rent due until the end of the next month, November 21st, 1886.

There is no controversy as to the fact that when the premises were leased in the first instance the term was during the existence of the term of the offices of the then trustees, whose term expired March 12th, 1886; that appellant was to pay as rental therefor six dollars and twenty-five cents for each month; and that it was payable monthly in advance, and appellant continued to pay the rent for each month in advance up to the time the term of office of said trustees expired. It therefore becomes apparent that if the finding of

the trial court is affirmed, the appellee's right to recover must proceed upon the premises that there was no change or modification of the agreement as originally entered into by the appellant and the new trustees after the term of office of the old trustees expired.

It is true that the time at which the term of the offices of the trustees making the agreement expired was not stated. The presumption is that it was known to the appellant, but that fact is not material. The appellant continued to occupy the premises until after that contingency had happened, and until the first of the following May, when he paid rent up to the 21st day of April, 1886, and notified Moore, the trustee, that he would not pay the rent any longer in advance. Moore told him he must pay in advance or leave the property. Moore had no authority to change the lease, only to collect the rent, and afterwards, under the direction of the trustees, notified appellant that he must pay the rent in advance or give up the property.

It is true that appellant continued to pay the rent at the end of the month, and Moore continued to accept it up to the time suit was commenced before the justice. If there was any change in the original agreement under which the premises were let, such change must have grown out of these facts.

The appellant concedes that the holding over is presumed to be on the terms of the original demise, but that it is also true that this presumption may be rebutted, and that the nature of the tenancy may be changed by the parties. It is also conceded that appellant held the premises thereafter until the 1st day of May, 1886, before informing John Moore, appellee's trustee, that he would no longer pay the rent in advance. The tenancy had expired the March previous to this notice. Appellant held over until the 1st day of the following May. He voluntarily remained in possession beyond the term of the lease. From this fact appellant gave the appellee the option of treating him as a tenant for another term,

MAY TERM, 1891. 349

McNatt *v.* The Grange Hall Ass'n of Indian Creek Grange No. 828, P. of H.

and when he stated that he would no longer pay the rent in advance, Moore, the trustee, accepted the rent when offered, as he had the right to do, but such act did not change the terms of the contract.

" When a tenant, for a fixed period, less than one year, remains in possession of the property beyond that period, with the consent, express or implied, of the landlord, it creates a tenancy for another term equal in time to the one under which he had previously held, and, in the absence of an agreement to the contrary, upon the same terms and conditions." *Bollenbacker* v. *Fritts*, 98 Ind. 50 ; *Tolle* v. *Orth*, 75 Ind. 298 ; *Rothschild* v. *Williamson*, 83 Ind. 387.

In *Tolle* v. *Orth, supra*, it is said "By voluntarily remaining in possession beyond the term of the lease, the appellant gave the appellee the option of treating him as tenant for another year, upon the same terms of payment as had before prevailed, and the acceptance of money tendered, together with the keys, at the expiration of the time named in the notice of surrender, does not affect the question." We do not think there was any act or agreement of the parties to change or modify the leasing of the premises, and that the appellant continued in the possession of the premises under the same terms as to the payment of rent, or otherwise, as in the original lease, and that when this action was commenced before the justice of the peace the rent was due, and payable in advance. There was no error in overruling the motion for a new trial.

The next and remaining error complained of by the appellant is the overruling of the motion to tax the costs in the circuit court against the appellee. The appellant appeared before the justice. Judgment was rendered against him for ten dollars, and he appealed. The appellant's claim is that the judgment was reduced five dollars, and therefore the costs in the circuit court should have been taxed against the appellee. The judgment of the trial court was in favor of the appellee for sixty-six dollars and sixty-six cents. That does not affect the question raised by the motion to tax costs.

The increased amount of the judgment grows out of the provision of section 5236, R. S. 1881, where upon appeal the damages for detention of the premises shall be estimated up to the time of each trial.   In this case the court awarded appellee damages for rents from October 21, 1886, up to the time appellant ceased to occupy the premises after October 21, 1886, which amounted to sixty-six dollars and sixty-six cents. The judgment before the justice was for ten dollars ; and, under appellant's view that the rent was paid up to October 21, 1886, and was not payable in advance, and that appellant was only liable for rent from October 21, 1886, to the day of trial, it would appear that the judgment before the justice was reduced five dollars.   But under the conclusions we have arrived at, that the rent was payable in advance, and that appellee was entitled to one month's rent, six dollars and twenty-five cents, payable in advance, the judgment was not reduced five dollars, and the court committed no error in overruling the motion to tax costs.

There is no error in the record for which the case should be reversed.   It should be affirmed, and is affirmed, at the costs of the appellant.

Filed April 15, 1891; petition for a rehearing overruled Sept. 19, 1891.