No. 1,404.

## KLEESPIES *v.* MCKENZIE.

LANDLORD AND TENANT.—*Tenant Holding Over, When Creates a Lease for Another Term of Equal Duration.*—If a lessee for a certain period fixed by the lease holds over such period, and the landlord accepts or demands rent for the holding over after the expiration of the original lease, the holding over, with such implied consent of the landlord, creates by implication a new lease for another term of equal duration, and upon the same conditions as the original tenancy; but this rule is limited to cases where the fixed period of the lease is for less than one year.

SAME.—*Holding Over.—Tenancy from Year to Year.*—Where the period of the tenancy is for a year or more, such holding over creates a new tenancy from year to year, and not for the same period of duration as the old one.

SAME.—*Lease, When not Created by Parol or Implication.*—A lease for more than three years can not be created by parol nor arise by implication of law.

From the Clark Circuit Court.

*L. A. Douglass*, for appellant.

*J. G. Howard*, for appellee.

REINHARD, J.—This is an action by the appellant against the appellee for the possession of two lots in the city of Jeffersonville, of which the appellant is the owner, and the appellee a tenant. The merits of the controversy can best be determined by considering the evidence and ascertaining its sufficiency or insufficiency to support the verdict.

On the 6th day of May, 1882, the real estate was owned by Lod W. Beckwith, who leased it to one Virgil V. Cochran for a period of ten years by executing a written lease, in due form, at the price of $50 per annum, payable quarterly on February 6, May 6, August 6 and November 6, in each year. Prior to the expiration of the lease, Cochran assigned the same to the appellee, who

took possession of the premises, and still claims to hold them by virtue of the lease. On the 10th day of January, 1891, and after the said assignment to appellee, the appellant purchased the property, and took the same subject to the provisions of said lease, and with the appellee in the occupancy of the premises. The term of ten years expired on the 6th day of May, 1892, and the appellee held over in the possession of the leased premises without giving the appellant any notice of his intention to do so, and without any notice to quit on the part of the appellant to the appellee. The quarterly payments of rent having fallen due on May 6, August 6 and November 6, 1892, and remaining unpaid, the appellant, on the 29th day of December, 1892, served notice in writing upon the appellee to deliver up to her, at the expiration of ten days from the date of receiving such notice, the possession of said premises, unless the rent then due should be paid within that time. The appellee refused to surrender the possession, and the appellant instituted the suit.

The facts as above set out are practically admitted by both parties. The appellee insists that under the law, the appellee having with the implied or tacit consent of the appellant held over in possession, a tenancy for another term of ten years was created, and that a ten days' notice to quit is insufficient to terminate the tenancy upon a failure to pay rent. On the other hand, it is the appellant's contention that after the expiration of the tenancy of ten years, if the appellee continued to hold over without having first given the appellant notice that she desired to renew the lease for another ten years, such holding over even with the implied consent of the appellant, created only a tenancy from year to year, which, upon failure to pay rent when due, could be

terminated upon ten days' notice to quit, unless the rent was paid during said time.

It is conceded by counsel for the appellee that if the tenancy created by the holding over was from year to year only, the notice given the appellee on her failure to pay rent was sufficient, and the appellant would be entitled to the possession. The controlling question, therefore, is whether the tenancy created by the holding over was one for ten years or one from year to year only.

It was doubtless the duty of the appellee, at the expiration of her lease, to quietly yield the possession thereof to the appellant, and she was not entitled to any notice to quit. The appellee having failed to surrender the occupancy of the premises according to the terms of her contract, the appellant had the right to treat the appellee as a trespasser, and could have evicted her from the premises at any time after the termination of the lease. But the appellant's failure to do so, and the fact that she claimed rent from the appellee after the lease had expired, may be regarded as a consent on her part to continue the tenancy for another term.

The court below held that the continuation of the appellee in the possession of the premises, with the implied consent of the appellant, established a new tenancy for a term of ten years.

It is a well known general rule of the law of landlord and tenant that if a tenant or lessee for a certain period fixed by the lease or contract of rent holds over such period, and the landlord accepts or demands rent after the expiration of the original lease, the holding over with such implied consent of the landlord creates by implication a new demise for another term of equal duration, and upon the same conditions as the original tenancy. *Bright* v. *McOuat*, 40 Ind. 521; *Burbank* v. *Dyer*, 54 Ind. 392; *Tolle* v. *Orth*, 75 Ind. 298; *Tinder* v. *Davis*, 88 Ind.

99; *Bollenbacker* v. *Fritts*, 98 Ind. 50; *New York, etc., R. W. Co.* v. *Randall*, 102 Ind. 453; *Harry* v. *Harry*, 127 Ind. 91; Taylor's Landlord and Tenant, section 525.

But this rule is limited to cases where the fixed period of the contract or lease is for less than one year. In that class of cases the new tenancy created is for another period, equal in duration, to the one under which the tenant had previously held. But when the period of such former tenancy was for a year or more, the new demise becomes a tenancy from year to year, and not for the same period of duration as the old one. In some of the cases relied upon by the appellee the rule is declared differently, or made applicable to tenancies for a number of years, while other cases cited by her counsel expressly limit the rule to tenancies for one year or less. *Bollenbacker* v. *Fritts, supra; Tolle* v. *Orth, supra; Bright* v. *McOuat, supra.*

The statute of frauds requires leases for more than three years to be in writing, otherwise they are void. R. S. 1894, section 6629 (R. S. 1881, section 4904).

The old lease, which was for ten years, amounted to an estate for years. *Brown's Admrs.* v. *Bragg*, 22 Ind. 122.

Such estate could not be created by parol nor arise by implication of law. The new demise being one which arises by implication of law is the same as if created by parol, and is not valid for the full term. It is on a footing with tenancies established by the occupancy of the tenant on the one hand and the consent of the landlord on the other, without any express agreement as to duration. All such general tenancies are by express provision of our statute, made tenancies from year to year. R. S. 1894, section 7089 (R. S. 1881, section 5208); *Ross* v. *Schneider*, 30 Ind. 423; *Tolle* v. *Orth, supra; Swan* v. *Clark, Guar.*, 80 Ind. 57; *Coomler* v. *Hefner*, 86

**Ind.** 108; *Barrett* v. *Johnson,* 2 Ind. App. 25; *Elliott* v. *Stone City Bank,* 4 Ind. App. 155.

Under the statute 29 Car. 2, c. 393, all leases by parol for more than three years were void as such, the same as under our statute, but it was provided in the English statute that a parol lease for a longer term than three years should have the effect of a tenancy at will only. Notwithstanding this provision it is held that a holding over under a parol lease for a longer term than three years is considered as holding upon all the terms of the parol agreement so far as applicable to a tenancy from year to year. See 1 Wood Landl. & Tenant (2d ed.), p. 49, and cases cited in note 2.

The same rule substantially prevails by virtue of the statute of this State. *Railsback* v. *Walke,* 81 Ind. 409.

But we are not without express authority in this State upon the exact question in controversy. *Thiebaud* v. *First Nat'l Bank, etc.,* 42 Ind. 212; *Montgomery* v. *Board, etc.,* 76 Ind. 362; *Rothschild* v. *Williamson,* 83 Ind. 387.

It follows that the appellee was only a tenant from year to year, and that the notice to quit which was served upon him and his failure to pay the rent due terminated the tenancy. Upon the evidence, the verdict and judgment should have been for the appellant on each paragraph of the complaint. The appellant is entitled to a new trial.

Judgment reversed.

Filed April 26, 1895.