## RIDGEWAY v. HANNUM.

[No. 4,027.    Filed May 21, 1902.]

LANDLORD AND TENANT. — *Tenant Holding Over.* — Where a tenant for three years continues to occupy the premises at the termination of the lease, either by express agreement that the terms of the original lease, except as to time, shall continue, or without express agreement, he becomes a tenant from year to year, and the rights of the parties are controlled by the terms and conditions of the contract under which the entry was made.

From Laporte Circuit Court; *J. C. Richter,* Judge.

Action by Jeremiah H. Ridgeway against Edward Hannum to recover the value of wheat grown upon plaintiff's land. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*E. E. Weir, M. H. Weir* and *Lemuel Darrow,* for appellant.

*Mortimer Nye* and *M. R. Sutherland,* for appellee.

ROBINSON, P. J.—Suit by appellant to recover the value of wheat grown upon appellant's land. We are of the opinion that the court properly overruled the demurrers to the second and third paragraphs of answer

The first paragraph of complaint avers that on the 1st day of March, 1897, appellant leased certain land to appellee for one year from that date, and, in the fall of 1897, appellee, without appellant's consent, sowed eighty acres in wheat; that appellant never gave appellee permission to reënter and harvest the same; that appellee did reënter, in July, 1898, and against appellant's express direction, harvested the wheat and appropriated the same to his own use. The second paragraph avers that appellant leased the land to appellee for one year from March 1, 1897, for $600 in cash; that in the fall of 1897 appellee sowed eighty acres in wheat, and on July 15, 1898, appellee reëntered and harvested and removed the wheat and appropriated the same to his own use; that the fair rental value of the land from March 1, 1897, to July 15, 1898, is $600.

Appellee answered that on the 25th day of March, 1890, appellant leased, in writing, the lands described, to appellee for three years, for an annual cash rental of $650; that after the term appellee continued in possession, under the lease, to which appellant agreed and received the annual rent of $650 up to March, 1896, when it was mutually agreed that the written lease with all its terms and conditions, except the amount of rental, be extended one year from the 1st day of March, 1896, and that it was then mutually agreed that the rent should be $600, which agreement was indorsed on the lease and signed by both parties; that on the 1st day of March, 1897, appellant leased to appellee the premises for one year commencing March 1, 1897, and that by express agreement appellee leased the premises for the year upon the terms and conditions specified in the written lease and indorsement thereon; that in pursuance of this agreement appellee held possession for the year and paid to appellant $600 rental for the same; that the written lease contained a stipulation that if the usual and proper proportion of the land was seeded to wheat, at the termination of the lease the

tenant should have the right to reënter and harvest the crop. A copy of the lease and indorsement is made part of the answer.

The third paragraph of answer alleges the leasing of the premises, the extension of the time, and that appellee continued to hold possession up to March 1, 1898, and that appellant knew that appellee was holding over his term and consented thereto, and received and accepted from appellee for the year the sum of $600, the amount specified in the lease and indorsement. It also alleges the stipulation in the lease, and makes a copy of the lease and indorsement a part of the answer.

When appellee held over at the expiration of the three years he was a tenant from year to year. Although holding over did not extend the term for another three years, yet when appellee continued in possession he was still a tenant by contract, and the rights of the lessor and lessee during the tenancy from year to year were controlled by the terms and conditions of the contract under which the original possession was taken. The tenancy after the expiration of the three years was a general tenancy, and whether appellee held the premises by the express or implied consent of appellant, he was a tenant from year to year. §7089 Burns 1901. See *Coomler v. Hefner,* 86 Ind. 108; *New York, etc., R. Co. v. Randall,* 102 Ind. 453; *Kleespies v. McKenzie,* 12 Ind. App. 404; *Tinder v. Davis,* 88 Ind. 99; *Tolle v. Orth,* 75 Ind. 298, 39 Am. Rep. 147; *Burbank v. Dyer,* 54 Ind. 392; Taylor on Landlord and Tenant (8th ed.), 525.

"It is well settled," said the court in *Harry v. Harry,* 127 Ind. 91, "that where the duration of the tenancy is definitely fixed by the terms of the agreement under which the tenant goes into possession of the premises which he is to occupy, and he continues to occupy after the close of the term without a new contract, the rights of the parties are controlled by the terms and conditions of the contract under

which the entry was made. The tenant is still a tenant by contract." In the case at bar it is alleged in one paragraph of answer that by express agreement the premises, during the last year, were held upon the terms specified in the written lease and the indorsement; and in the other paragraph it is alleged that appellant knew appellee was holding over and consented thereto and received the cash rent stipulated in the lease and indorsement.

Judgment affirmed.