HORACE B. DIMOCK *vs.* IRA VAN BERGEN.

If a lessee, who by the terms of the original contract hires premises for a single year, puts another person into possession thereof, who holds over after the expiration of the year without any new arrangement being made by either of them for a hiring of the premises, and without any notice to the landlord from either of a termination of the lessee's liability for the rent, this is evidence of a continuance of the original tenancy, sufficient to warrant a jury in holding the lessee liable for the continued use and occupation of the premises.

CONTRACT brought to recover for the use and occupation of a tenement in Huntington, for one year after April 1, 1859.

At the trial in the superior court, before *Brigham*, J., it appeared that the plaintiff let the tenement in question for one year from April 1, 1858, to the defendant, who allowed it to be occupied by his brother, who remained in possession till April 1, 1860, and who, as the evidence tended to show, was a man of little or no pecuniary credit. The evidence on the part of the

defendant tended to show that the hiring was for one year only and that the occupancy of the defendant's brother during the second year was under a new arrangement made by the brother with the plaintiff just before the end of the first year, and that the plaintiff demanded the rent of the brother.

The judge instructed the jury that "if the hiring was for a single year, and the defendant's tenant held over that year without any new arrangement made for a new tenancy, and the occupancy was continued by the original tenant, and no new contract was made before the close of the second year, for a new and different occupancy by a new party who was to be responsible, then, so long as the defendant's brother continued to occupy after the first year in the same manner as before, and without notice of any intention on the defendant's part to terminate his responsibility, the plaintiff might recover for use and occupation."

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*E. H. Lathrop*, for the defendant, cited *Theological Institute of Connecticut* v. *Barbour*, 4 Gray, 329.

*C. Delano*, for the plaintiff.

BIGELOW, C. J.    The holding over of the defendant's brother after the expiration of the year without any notice to the plaintiff of a termination of the defendant's liability for the rent for a further time, or any new contract or agreement with the plaintiff either by the defendant or his brother for a hiring of the premises, was evidence of a continuance of the original tenancy for a longer period, and, in the absence of controlling evidence, was sufficient to warrant the jury in finding a verdict against the defendant for use and occupation of the premises for the second year.    When a lessee puts another into possession of demised premises who holds over, it is considered in law as the holding over of the lessee.  *Brewer* v. *Knapp*, 1 Pick. 332, 336. When a tenant holds over, and there is no evidence of any new or different stipulation, the implication is warranted that the continued use and occupation are on the same terms as those on which the premises were originally demised.    1 Cruise Dig

(Greenl. ed.) tit. ix. c. 1, § 21, note, and cases cited. Taylor on Land. & Ten. 526. The case seems to have been submitted to the jury under proper instructions.

*Exceptions overruled.*