# Singer Manufacturing Company *v.* Sayre.

*Action for Breach of Covenant in Lease.*

1. *Tenant holding over after expiration of term, effect of; statute of frauds.* When a tenant for years holds over after the expiration of his term, the law, in the absence of evidence to the contrary, will imply an agreement to continue the lease for another year upon the same terms and conditions ; but such implication is destroyed, if a new contract, essentially different in its terms and conditions, is made, and the inference is fair that it was intended to displace the old one, although it is void under the statute of frauds.

2. *Same; effect of payment of rent.*—If, however, the tenant continues to hold during the year, and pays his rent, which is materially reduced by the new contract, the payment and acceptance of the rent operate a full recognition of the relations of landlord and tenant as it formerly existed, and subject the tenant to all the covenants contained in the original lease, so far as they are applicable to the new order or condition of things.

APPEAL from the City Court of Montgomery.

Tried before Hon. T. M. ARRINGTON.

This was an action brought in July, 1882, by Calvin L. Sayre against the Singer Manufacturing company, a body corporate, to recover damages for the alleged breach of a covenant contained in the lease of a certain store-house in the city of Montgomery, belonging to the plaintiff, and by him rented to the defendant. From the complaint as amended, it appears that on 15th April, 1874, a written contract for the lease of said premises was entered into by and between the plaintiff and the defendant, for a term ending on 30th day of September, 1877. In this lease was contained a covenant by the defendant as to the use of the premises, which is alleged to have been broken. The complaint sets out the covenant and its breach at length, but a fuller statement thereof is not necessary

to a proper understanding of the opinion. It is also averred " that at the expiration of said term, said defendant continued in the use and occupation of said leased premises from year to year to the 30th day of September, 1879, under the same lease hereinbefore set out, except that, by agreement between said plaintiff and the said defendant, the amount of rent to be paid was reduced from seventy-five to fifty dollars per month, said contract of lease being to that extent, and to that extent only, modified and altered." The defendant pleaded (1) the general issue; (2) the statute of frauds; and (3) the statute of limitations; and upon issues joined on these pleas the cause was tried,- the trial resulting in a verdict and judgment for the plaintiff.

The facts disclosed by the evidence, necessary to an understanding of the points decided, are sufficiently stated in the opinion. Exceptions were reserved by the defendant to the admission in evidence, against its objection, of the parol argeements as to the rent of the store, referred to in the opinion; and also to the refusal of the court to give the following, among other, charges requested by it in writing: (1) " That the averments in the complaint of the making of the written lease, and of its terms and covenants, are but matters of inducement to aver and show the terms and covenants of the subsequent leases averred in the complaint; and if the subsequent leases are void, then the plaintiff can not recover." (2) "If the jury believe from the evidence, that plaintiff and defendant, in April, 1874, entered into a written agreement, by which plaintiff leased said store of defendant for a term, commencing on April 15th, 1874, and ending on September 30th, 1877, with covenants as testified to by the witness Adams [a witness examined to prove the contents of the lease, it having been shown to have been lost or destroyed], and defendant agreed to pay plaintiff the sum of thirty-five dollars per month until October 1st, 1874, and seventy-five dollars per month thereafter to the end of said lease; that defendant occupied said store during said term; that prior to September 30th, 1877, plaintiff and defendant made a verbal agreement for the rent of said store for one year, commencing on October 1st, 1877, and ending on September 30th, 1878, and the defendant verbally agreed to rent said store under the same terms as contained in said former written lease, except that defendant agreed to pay only fifty dollars per month for the rent of said store, for which defendant executed twelve notes for fifty dollars each, payable monthly; that defendant occupied said store for the time specified in said verbal agreement; and prior to September 30th, 1878, the defendant executed its notes for the sum of fifty dollars each, payable monthly to plaintiff for the rent

of said store for one year commencing on October 1st, 1878, and ending on September 30th, 1879; and that there was no written instrument signed by the parties, or either of them, other than said notes; then the plaintiff can not maintain this action, and is not entitled to recover in this suit."

The rulings above noted are here assigned as error.

J. M. FALKNER, with whom were CLOPTON, HERBERT & CHAMBERS, for appellant. (1) The contracts which are the foundation of this suit are within the influence of the statute of frauds (Code, 1876, § 2121, sub-div. 1), and, are therefore, void. They were by parol; and they were different, materially different from the written contract. Being different, no presumption can arise that the appellant held the premises under the written lease; and this being a suit for the breach of covenants in void contracts, there can be no recovery.—*Crommelin v. Thiess*, 31 Ala. 412; Browne on Statute of Frauds, §§ 283–5; *Delano v. Montague*, 4 Cush. 42; *Little v. Martin*, 3 Wend. 219.

H. C. TOMPKINS and RICE & WILEY, *contra.*—(1) It was competent for plaintiff to prove that defendant occupied the premises until September 30th, 1879; and if he had proved that and nothing more, the presumption would have been that its holding was as a tenan from year to year; and during that holding it would certainly have been bound by all the covenants of the original lease. That is well settled law. Therefore, to prove that there was some change in the terms of the holding, was really a benefit to defendant.—Taylor's Land. & Ten. § 58; *Ib.* § 525, and authorities cited; *Webber v. Shearman*, 3 Hill, 547; *Thomson v. Amey* (opinion by WILLIAMS, J.,), 12 Ad. & E. 476; *Dorrill v. Stephens*, 4 McCord, 59; 35 Penn. St. 45; *Finney v. City of St. Louis*, 39 Mo. 177; *Wolffe v. Wolff & Bro.*, 69 Ala. 549. (2) The charges requested assert the proposition, that, if one holding under a written lease continues, after the expiration of the term. to hold over for more than a year under a verbal agreement that he shall continue upon the same terms as were contained in the written lease, except a change in the amount of rent to be paid, he is not only under no legal obligation to comply with these terms, but is released from all damages accruing to the lessor for breaches of the covenants of the written lease. It is insisted that not only is this not the law, but, on the contrary, such an agreement as the one shown is a valid agreement, and the covenants in the original lease are binding during the holding over. If defendant was holding under a void contract, it was not holding under any contract whatever; but if it held

[Singer Manufacturing Company v. Sayre.]

over and paid rent, as soon as the rent was paid and accepted, then its holding over became that of a tenant from year to year; and it was bound, during the holding, by all the covenants contained in the lease under which it entered.—Taylor on Land. & Ten. § 58 ; *Ib.* 525 ; *Crommelin v. Thiess*, 31 Ala. p. 419 ; 1 Chitty's Con. pp. 450-1.   (3) The agreement is not void, because defendant occupied the leased premises during the whole term stipulated for, and paid the rent agreed upon. There are two classes of contracts for the sale of land, or interests therein, for more than a year, which the statute does not render void, and which, therefore, could be enforced in a court of law; and in this our statute differs from that of 29 Car. 2, and from those of most of the States.   These two classes are (*a*) contracts in writing, signed by the parties, or their legally authorized agents; and (*b*) contracts where the purchaser is let into possession, and pays the purchase-money, or a portion of it.   Each of these contracts is valid at law. The statute of 29 Car. 2, required all such contracts to be in writing.   Courts of equity stepped in, and decreed the specific performance of parol contracts, where there had been such performance as would make the harsh rule of law operate unjustly.   That was an equitable right; but our statute places parol contracts, where certain things are done in connection with them, on an equal footing with, and makes them of the same dignity as, written contracts.   That is, it makes them not only capable of enforcement in equity, but also at law.—Code of 1876, § 2121, subd. 5 ; authorities *supra*.   (4) But the holding over with a parol agreement, void under the statute of frauds, changing the amount of the rent, but providing that the holding is to be under the other terms of the original lease, is binding upon the lessee, if he has had the quiet possession of the premises during the additional term, and has paid, and the lessor has accepted rent; and he is liable to the lessor upon the covenants of that lease for any breaches committed during such additional holding.—Taylor's Land. & Ten. §§ 58, 362-3 ; *Ib.* § 525, and authorities cited ; 1 Chitty's Con., pp. 450-1 ; *Richardson v. Gifford*, 1 Ad. & Ell. 52 ; *Beale v. Sanders*, 3 Bing. (N. S.) 850 ; *Digby v. Atkinson*, 4 Camp. 275 ; *Brudnell v. Roberts*, 2 Wilson, 143 ; *Brown v. Bellows*, 4 Pick. 179 ; *Thomason v. Dill*, 30 Ala. 444.

SOMERVILLE, J.—The right of the plaintiff to maintain the present action is admitted to turn on the question as to whether or not the contract of tenancy is void under the influence of the statute of frauds, as " an agreement which, by its terms, is not to be performed within one year from the making thereof."—Code, 1876, § 2121, subd. 1.

The evidence shows that the defendant corporation, the Singer Manufacturing Co., held the premises occupied by it under a written lease from April 15th, 1874, until September 30th, 1877, paying the plaintiff therefor a stipulated monthly rent. Prior to the termination of this lease, a verbal agreement was made between the parties by which the rent was reduced from seventy-five to fifty dollars per month, and providing that the defendant should rent for another year under the terms of the old lease. The defendant executed its several promissory notes for the rent, all of which were paid in due time. Prior to the expiration of the latter term, a similar agreement was entered into for another lease to extend from October 1, 1878, for the period of one year—the defendant, as before, executing its promissory notes, payable monthly, and making payment of them to the plaintiff as landlord.

The principle is generally settled, and has been many times announced by this court, that where a tenant for years holds over after the expiration of his term, the law, in the absence of evidence to the contrary, will imply an agreement to hold, or continue the new lease for another year, upon the terms and conditions of the old or prior one.—*Wolffe v. Wolff & Bro.*, 69 Ala. 549; *Crommelin v. Thiess & Co.*, 31 Ala. 412.

This principle would be conclusive of the present case, but for the verbal agreements by which a change was effected in the amount of rent stipulated to be paid for the two last years of the defendant's occupancy of the plaintiff's premises. The argument is, that the new contract, although void under the statute of frauds, destroys the implication of the renewal of the original lease, which the law ordinarily raises from an unexplained holding over by the tenant. This is no doubt the rule, where the new contract is essentially different from the old one in its terms and conditions, and the inference is fair that the former is intended to displace the latter.—*Horton v. Wollner*, 71 Ala. 452; *Crommelin v. Thiess & Co., supra.*

But there is another rule operating in this case, which entirely excludes it from the influence of the last mentioned principle. If we admit that the defendant held under a void agreement, by which no title of tenancy became vested, being thus regarded as a tenant at will, or by sufferance, after the expiration of the written lease, this relationship between the parties was changed by *the payment and acceptance of rent*, which is shown to have taken place during the last two years. This was an act in full recognition of the relation of landlord and tenant as it formerly existed, and operated to establish a new tenancy from year to year by vesting *eo instanti* a term in the defendant as a yearly tenant.—*Crommelin v. Thiess & Co.*, 31

[East & West R. R. Co. of Ala. v. East Tenn., Va. & Ga. R. R. Co.]

Ala. 412, 419, *supra;* Taylor's Land. & Ten. § 56, and cases cited in NOTE 2; 2 Greenl. Ev. § 306.

In all such cases, where the tenant has been permitted to hold over after the expiration of a prior tenancy, his payment of rent will be referred to the original demise, subject to all the covenants contained in the original lease, so far as they are applicable to the new order or condition of things.—Taylor's Land. & Ten. §§ 58, 362. Promises of this character are implied by *law* from the acts of the parties, rather than from any supposed special agreement between them. They do not, therefore, come within the evil of the statute of frauds, and are commonly adjudged to be excepted from its operation.—Verbal Agreements (Throop), §§ 95–102.

There are probably other grounds upon which we can justify the conclusion which we have reached, that the contract of tenancy between the plaintiff and defendant is not repugnant to any provision of the statute of frauds, but these we need not consider.—*Crawford v. Jones*, 54 Ala. 459.

The rulings of the circuit court are free from error, and its judgment is affirmed.