IN THE

# SUPREME COURT

OF

# OREGON.

---

Argued March 8, modified and judgment entered March 20, 1917. On petition for rehearing further modified and cause remanded for new trial, April 17, 1917.

## CLIFFORD v. SMITH MEAT CO.*

(163 Pac. 808.)

**Landlord and Tenant—Rent—Holding Over.**

1. Where a lessee held over after expiration of a five year lease, he was liable for rent as a tenant from year to year, in absence of proof that such holding over was merely pending negotiations for readjustment of the rent.

[As to when tenant is guilty of holding over, see note in 70 Am. St. Rep. 533.]

ON PETITION FOR REHEARING.

**Appeal and Error—Findings—Remanding Cause for New Trial.**

2. Where some of the findings made by the Circuit Court were indefinite and a failure to make any findings on other issues involved will preclude the appellate court from entering a judgment, the cause will be remanded for a new trial.

From Multnomah: HENRY E. McGINN, Judge.

H. H. Clifford brought an action against the Frank L. Smith Meat Company, a corporation, for rent.

---

*Authorities discussing the question as to whether each holding over by tenant after expiration of a term of years constitutes a new and separate term, distinct from that which preceded or followed, will be found in a note in 25 L. R. A. (N. S.) 847.

On the question of holding over after expiration of lease with option for extension or renewal, without formally exercising option, see notes in 29 L. R. A. (N. S.) 174; L. R. A. 1916E, 1232.

REPORTER.

There was a judgment for plaintiff, and being dissatisfied with the amount awarded, he appeals. Judgment entered for plaintiff for an increased amount.

Department 2.    Statement by MR. CHIEF JUSTICE McBRIDE.

This was an action to recover rent.   The complaint alleged that plaintiff's grantor on April 28, 1908, leased to the defendant two storerooms in the City of Portland for the term of 5 years at an annual rental of $150 per month, and that plaintiff purchased the premises December 1, 1911; that the lease expired on April 29, 1913, but that defendant wrongfully and unlawfully held over until September 1, 1913; that plaintiff had the option to eject the defendant from said premises or to acquiesce in its retaining the same and to accept it as a lessee for one year from the expiration of said lease on the same terms and conditions as set forth in the lease and at the same rental; that he exercised his option and elected to permit the defendant to hold over; that on September 1st it wrongfully quit and abandoned the same; that thereupon plaintiff for the protection and care of said premises resumed possession of the same for the period of eight months of defendant's unexpired term, and let the same to others for the sum of $400, being the highest rent obtainable therefor, all for the use and benefit of defendant.   Plaintiff prayed judgment for $1,400. Defendant answered admitting the existence of the lease for five years and denying that it wrongfully held over, that plaintiff had an option either to reject it or accept it as tenant by the year, that plaintiff exercised such option by treating it as such tenant, or that it wrongfully quit said building.   It then set up

the five years' lease in full, which contained the following provision:

"At the expiration of said term the said lessee may renew this lease for five years longer at such rental as said lessor would be willing to rent the same for to any other parties, and said lessor shall give lessee the first opportunity to renew this lease at such rental."

And alleged that at the expiration of said five years' term defendant endeavored to induce plaintiff to rent said premises on such reasonable terms as plaintiff could lease it to other persons; that from about the year 1912, to the present time, the values of property and of the rentals thereof in the City of Portland, and more especially in the vicinity of the property described in the lease, greatly depreciated, and notwithstanding such condition the plaintiff refused to rent the property to this defendant for the rental which he was willing to rent to other persons and to renew the lease in accordance with said option, but demanded of defendant the sum of $150 a month for said premises for an additional five year term, and that defendant should execute and deliver to him a lease therefor, which is made a part of the answer; that the defendant notified him it would not accept the proposed lease because of the change in terms, and that it would not pay the rent demanded for the reason that said premises were not worth said sum and for the further reason that he was willing to rent the property to other persons at a lower rent than that demanded of it; that it could not from the business conducted on said premises pay the rent demanded without operating at a loss, and so informed plaintiff, again requesting him to reduce the amount thereof to that sum for which plaintiff would be willing to rent the premises to other persons, but that he refused to do so; that de-

fendant, by the wrongful acts of plaintiff, and by the breach of the contract contained in the lease, was compelled to surrender the premises; that the plaintiff thereupon leased them to other persons, who engaged in the retail meat and packing business and used the fixtures placed there by defendant, and plaintiff asked from them and received $50 a month for the period of three years for one portion thereof, the other portion although remaining vacant for one year, being subsequently rented for $25 a month; that the plaintiff in so doing without notice to defendant, or affording it an opportunity to exercise its option, violated its contract. Defendant pleaded a tender of $50 a month for the time occupied and a counterclaim for damages for plaintiff's refusal to lease the premises at a reduced rent. The reply denied the new matter set up in the answer, and thereupon there was a trial before the court without a jury, resulting in findings of fact in regard to the existence of the five years' lease and the ownership of the property and conclusions of law as follows:

"Third. At the expiration of said lease, to wit, May 1, 1913, the defendant failed to exercise its option to renew said lease, then or thereafter, but remained in the use, possession, and occupation of said premises until the first day of September, 1913, when it abandoned the same. Fourth. That thereupon, for the protection, care, and betterment of said premises, plaintiff entered thereon and resumed possession of the same and leased a portion of same to one Carlin for the sum of $50 per month during the period from said first day of September, 1913, to May 1, 1914, and plaintiff received as rental therefor the sum of $400, and no more. Fifth. That at the time of the expiration of the said lease, and immediately prior thereto, the plaintiff had a *bona fide* offer from the Union Meat Company, a responsible corporation, of $150 per month

rental for said premises. Sixth. That the plaintiff was not willing to accept any less sum than $150 per month as rental for said premises and the defendant was not willing to pay said sum as rental for the same. Seventh. That the plaintiff was unable to rent the remainder of said premises during the period from May 1, 1913, to May 1, 1914, but subsequent to that time he rented the remainder of said premises for $25 per month. Eighth. That on May 1, 1913, the reasonable rental value of said premises was the sum of $75 per month. And as conclusions of law the plaintiff is entitled to a judgment against the defendant for the sum of $300 and for the costs and disbursements of this action.''

The plaintiff moved to substitute for the conclusions of law above recited the following:

''The plaintiff is entitled to a judgment against the defendant for the sum of $1,400 and for the costs and disbursements of this action.''

This motion was overruled, and the court rendered judgment for plaintiff for $300, from which he appeals, alleging as error the refusal of the court to adopt the conclusion of law submitted and to enter judgment in his favor for the sum of $1,400.

MODIFIED.    JUDGMENT ENTERED.

For appellant there was a brief over the names of *Messrs. Huston & Huston* and *Mr. Claude McColloch,* with an oral argument by *Mr. Samuel B. Huston.*

For respondent there was a brief over the names of *Mr. John J. Fitzgerald* and *Messrs Logan & Smith,* with an oral argument by *Mr. Fitzgerald.*

Opinion by MR. CHIEF JUSTICE McBRIDE.

This appeal is from the findings and judgment; the testimony not having been incorporated in the bill of

exceptions or brought up by any method. The findings are very meager, but as both parties were satisfied with them, and no additional findings were requested, we have only to determine what judgment should have been rendered upon the facts found. Briefly stated they amount to this: The defendant had a five years' lease upon the property at a monthly rental of $150, with a privilege of renewal for five years more at such rental as the lessor would be willing to take from other parties, defendant to have the preference over other parties proposing to lease the property. Another finding is to the effect that at the expiration of defendant's lease and immediately prior thereto plaintiff had a *bona fide* offer of $150 per month for a lease of the property, but the finding does not intimate whether this offer was for a five years' lease, for a less period, or for a single month. The sixth finding is to the effect that at the expiration of the lease the defendant was unwilling to renew at the rental of $150 a month and the plaintiff was not disposed to take less; and by the third finding we are informed that the defendant failed to exercise its option to renew, but remained in possession and occupation of the premises until September 1, 1913, when it abandoned them. There is no finding that during the occupancy any negotiations were pending or any treaty in prospect between plaintiff and defendant. We have only the bare fact that at the expiration of the original lease the plaintiff, with a *bona fide* offer of $150 a month rental from another party, did not wish to take less from defendant, and that defendant was unwilling to pay that sum, and continued to hold over. It is well-settled law that a tenant for years holding over after the expiration of his lease will be deemed a tenant for another year in the absence of some agreement with his landlord to the contrary. In

Tiffany on Landlord and Tenant, Vol. 2, Section 206, the law is thus stated:

"It is the duty of a tenant for years, unless he obtains a renewal of the lease, to relinquish the possession of the premises at the end of the term, and his failure so to do is not excused by the fact that the landlord has not demanded the possession or manifested a readiness to receive it. In one state only, it appears, has a different view been asserted, it being there said that the tenant is under an obligation not to leave unoccupied a dwelling leased to him. The duty to relinquish possession applies to the whole premises, and if the tenant fails to relinquish any part, he is regarded as 'holding over' as to all. The tenant has no right to retain possession for the sake of cleaning the premises, nor, it seems, for the sake of removing improvements in accordance with a stipulation giving him such right of removal. But not infrequently he is allowed, by the express provisions of the lease, to retain possession until the landlord has paid him for improvements made by him. And occasionally a provision looking towards the possible purchase of the premises by the tenant may have the effect of enabling the latter to retain possession pending the settlement of the price to be paid. The fact that the instrument of lease provides that rent shall be paid by the lessee in case he holds over does not give him any right to hold over. Nor can the tenant justify his failure to relinquish possession by showing that he had permission to remain from an intending lessee of the reversion, the negotiations between whom and the landlord, however, did not result in the making of a lease. It has been decided that, when the day of the termination of the tenancy falls on Sunday, the tenant need not relinquish possession until the next day, applying the rule which is ordinarily adopted that, if one has a certain period in which to do a thing, and the last day of the period is Sunday, he has until the next day for performance. In three states the statute provides that if, in the case of agricultural land, the tenant holds over sixty days without any demand for possession being made upon

him, he may hold for another year, as by permission of the landlord. In another state there is a somewhat similar provision that if proceedings to expel the tenant are not brought within a time named, he may hold over for another term of a period named in the statute.''

See also Jones on Landlord and Tenant, §§ 201, 205, and 206. The following authorities cover every phase of this subject: *Morgan* v. *Harrison*, 2 Ch. (1907) 137; *Re Canada Coal Co.*, 27 Ont. 151; *Isaacs* v. *Furgeson*, 26 N. B. 1; *Singer Mfg. Co.* v. *Sayre*, 75 Ala. 270; *Belding* v. *Texas Produce Co.*, 61 Ark. 377 (33 S. W. 421); *Zippar* v. *Reppy*, 15 Colo. 260 (25 Pac. 164); *Ridgeway* v. *Hannum*, 29 Ind. App. 124 (64 N. E. 44); *Dimock* v. *Van Bergen*, 94 Mass. (12 Allen) 551; *Weston* v. *Weston*, 102 Mass. 514; *Gardner* v. *Board of Dakota County Commissioners*, 21 Minn. 33; *Coatsworth* v. *Ray*, 52 N. Y. Supp. 498; *Baylies* v. *Ingram*, 84 App. Div. 360 (82 N. Y. Supp. 891, 181 N. Y. 518, 73 N. E. 1119); *Moore* v. *Harter*, 67 Ohio St. 250 (65 N. E. 883); *Wilson* v. *Alexander*, 115 Tenn. 125 (88 S. W. 935); *Amsden* v. *Atwood*, 69 Vt. 527 (38 Atl. 263). Where the holding over is pending negotiations for a new lease, it will not be deemed from year to year, but the other terms of the lease will apply so far as applicable to the situation, including rental at the rate provided in the original lease. To this effect see *Morgan* v. *Harrison, supra; Re Canada Coal Company, supra; Singer Mfg. Co.* v. *Sayre, supra.* This seems a fair and reasonable doctrine, but is not applicable here for the reason that there is no finding that any negotiations were pending during the period between the expiration of the lease and the abandonment of the premises by defendant. It should be remarked that the difference between the parties as indicated by the pleadings was not as to a monthly or yearly tenancy of the

property, but as to the compensation to be paid for a renewal for five years.  For aught that appears in the pleadings the defendant might have been willing to pay $150 a month for a lease 'for a single year, while the plaintiff might have been disinclined to take chances that rents might so augment within a period of five years that a lesser rental for so long a period might in the aggregate turn out to be less than the real rental value of the property for the entire period.  So that the fact that the plaintiff had a *bona fide* offer of $150 a month rental for a year or a month, and the fact that at the particular time the old lease expired the reasonable rental value of the property was less than that, is of little importance.  The facts as deduced from the findings still remain that at the expiration of the old lease the parties could not agree on the terms of a renewal, and the defendant without any arrangement as to time or terms continued to hold over.

Under these circumstances we think the defendant became tenant from year to year, and that plaintiff was entitled to the conclusion of law requested and to judgment upon the findings for the sum of $1,400; and a judgment will be here entered accordingly.

MODIFIED.   JUDGMENT ENTERED.

MR. JUSTICE MOORE, MR. JUSTICE BEAN and MR. JUSTICE McCAMANT concur.

Former opinion modified and cause remanded for new trial April 17, 1917.

## ON PETITION FOR REHEARING.

### (163 Pac. 810.)

On petition for rehearing the former opinion rendered herein is modified to the extent that the cause is remanded to the Circuit Court for a new trial.

MODIFIED AND REMANDED.

*Mr. John J. Fitzgerald* and *Messrs. Logan & Smith,* for the petition.

*Messrs. Huston & Huston* and *Mr. Claude McColloch, contra.*

Department 2.   Opinion PER CURIAM.

Upon a careful review of our former decision we are of the opinion that taking into consideration the indefiniteness of some of the findings made by the court below and its failure to find on the issue presented as to whether the negotiations for a new lease were pending between the parties during the time the premises were occupied by defendant after the expiration of the original lease, we have not data sufficient to render a judgment here, and that justice will be subserved by remanding the cause for a new trial in accordance with the law as enunciated in the original opinion.

In regard to the disposition of the case here the opinion is modified.   In all other respects it will stand.

FORMER OPINION MODIFIED AND REMANDED.