### WHETSTONE *v.* DAVIS.

LANDLORD AND TENANT.—*Lease.*—*Construction of.*—*Notice to Quit.*—A lease of a farm provided that the tenant was to have and hold said premises for one year from April 1st, 1867, and to have the privilege of said farm two or three years, if the farm was for rent, if the tenant suited the landlord, and if they could agree on the rent. Without any other contract, the tenant continued in possession after the expiration of the first year, the landlord having told him in the fall of the second year, that he could not have the premises longer, that he, the landlord, wished to take possession himself in the spring.

*Held*, in a suit commenced by the landlord April 7th, 1869, for possession, that he was entitled to recover possession without having given any notice to quit.

APPEAL from the Laporte Circuit Court.

WORDEN, J.—This was an action by the appellee against the appellant to recover possession of certain real estate. Trial; finding and judgment for the plaintiff. The case comes before us exclusively on the evidence.

On the trial, it was admitted that the plaintiff was the owner in fee of the premises in controversy. The defendant gave in evidence a lease executed by the plaintiff to him, dated March 27th, 1867, by which the plaintiff let to defendant the premises in controversy, on certain terms and conditions mentioned therein. The lease contains the following clause: "Said Whetstone is to have and to hold said premises for one year from the 1st day of April, 1867, and have the privelege of said farm two or three years, if said farm is for rent, if said Whetstone suits said Davis, and they can agree on said rent," &c. The defendant testified that he

took possession of the premises under the lease; that there was no other bargain made between himself and the plaintiff respecting the lease of the premises; he supposed he was holding under the lease; there was nothing said between Davis and himself in the winter or spring of 1868, about his holding the farm another year; never had any notice from Davis to leave the premises, until some men came to take possession of the farm in the spring of 1869.

Davis thereupon testified as follows: "I made no other bargain with Whetstone about renting the premises. I told him, in the fall of 1868, that he could not have the premises any longer; that I wanted to take possession of the farm myself in the spring."

This is the substance of all the evidence. The suit was commenced on the 7th of April, 1869.

The counsel for the appellant insists that Whetstone, after the expiration of the first year, became a tenant from year to year, and, therefore, that his tenancy was not terminated when the suit was brought, no notice to quit having been given him; and counsel on both sides have discussed at length the legal effect of the clause of the lease above set out.

Without undertaking to give a full construction of the entire clause, we state the following propositions, that seem to us to be clear enough: first, that Whetstone had no absolute right to the premises, by the terms of the lease, for a longer period than the year specified; second, if the farm should not be for rent, or if Whetstone should not suit Davis, the latter would be under no obligation to extend or renew the term; third, the "two or three years," mentioned in the clause quoted, are not to be in addition to the yearly term created by the lease, but that year is to be considered as making a part of the two or three years; and the language employed contemplates distinct and separate terms of a year each, amounting in all to three terms, including the one made absolute by the lease.

With this interpretation of the lease, there are two views of the case under the evidence, either of which justifies the

finding of the court, although the tenancy was not terminated by a notice to quit; for under either view no notice to quit was necessary.

It appears by the evidence, that after the expiration of the first year, Whetstone continued in the possession, and held, as he supposed, under the lease, and without any new arrangement between him and Davis; and if we are to infer from the evidence that Davis was consenting to Whetstone's continued possession, we also might infer that it was tacitly understood between them that a second yearly term was running; that the lease had been extended for another year by the mutual acquiescence and consent of the parties. Thus a new tenancy for another year, and not from year to year, was created, and Whetstone's right of possession terminated at the end of the second yearly term, without any notice to quit. Whetstone's continuance in possession after the expiration of the first year was, at most, notice to Davis of his election to continue for other year. *Falley* v. *Giles*, 29 Ind. 114. Of course, Davis was bound by his acquiescence in that possession for no greater length of time than another year.

Before the expiration of the second yearly term, Davis, according to his testomony, notified Whetstone that he could not have the place any longer; that he wanted to take possession himself in the spring. This, although not such a notice as is required to terminate a tenancy from year to year, was a notice to Whetstone that a condition of things would not exist that would enable him, by the terms of the lease, to claim an extension for another year. Without a renewal of the lease, or some new agreement, or some election by Whetsone to continue another year, consented to or acquiesced in by Davis, Whetstone's rights effectually terminated at the end of the second year.

What we have said is on the supposition that Davis consented to Whetstone's continued possession after the expiration of the first term. If Whetstone held on under the lease, and Davis consented thereto, and such consent is in no way

explained, we think that there was an implied extension of the lease for another yearly term. But if, on the contrary, Davis did not consent (and this is the other view of the case), then Whetstone was a mere tenant at sufferance after the expiration of the first year, and notice to quit is not necessary to terminate such tenancy.

We are of opinion that the finding is fairly sustained by the evidence.

The judgment below is affirmed, with costs.

*M. K. Farrand* and *T. S. Cogley*, for appellant.

*L. A. Cole* and *E. L. Bennet*, for appellee.