Filed May 28, 1895.

---

No. 1,590.

## Dunphy v. Goodlander.

Landlord and Tenant.—*Lease.*—*Nature of.*—*Notice.*—Where there was a lease for one year, with the following provision: "This agreement to run as long as G—— [the lessor] and D—— [the lessee] agree, but when they do not agree, G—— is to have full possession * * at once," and before the expiration of the year G—— gave D—— notice that he could not hold over, such notice was sufficient,

without regard to the length of time of the notice before the year expired, and if the tenant held beyond the year, without a new lease having been made to him, his possession was unlawful, and no further notice was necessary before bringing action for possession.

From the Wabash Circuit Court.

*J. S. Slick* and *N. G. Hunter*, for appellant.

*H. C. Pettit*, for appellee.

Ross, J.—The material and controlling question presented by the record before us depends upon the construction of a contract. The contract sued on reads as follows:

"WABASH, INDIANA, September 1, 1892.

"Agreement between Jacob S. Goodlander and William Dunphy as follows: Dunphy to rent Goodlander's farm of seventy-two acres for one year. Dunphy to furnish all seed wheat and deliver one-half in the bushel to J. S. Goodlander at Wabash, Indiana, and deliver one-half of the apples raised on the orchard to said Goodlander, one-half of the corn raised on the farm to be delivered to Goodlander or fed on the farm, at said Goodlander's option. The land south of the lane is to be put in wheat, and north of the lane in corn, unless Goodlander chooses to change.

"This agreement is to run as long as Goodlander and Dunphy agree, but when they do not agree, Goodlander is to have full possession of the farm at once. Dunphy to move fence running north, and north of the lane, east at the woods. Dunphy to keep all the manure hauled out, fence corners mowed, and fence in good repair. Each to furnish one-half timothy and clover seed to sow on wheat ground in the spring."

It is contended, on behalf of the appellant, that the contract sued on is not a lease expiring in one year, but that, by its terms, it created a tenancy from year to year, hence could be terminated only by giving the notice re-

quired by the statute for terminating tenancies of that kind. Section 5209, R. S. 1881 (section 7090, R. S. 1894).

The language used in the first part of the agreement is that Dunphy rents Goodlander's farm "for one year." This created a tenancy for one year, and no longer, but is the term of the tenancy changed by that part of the contract which reads: "This agreement is to run as long as Goodlander and Dunphy agree?"

Now what is the force of the language in the contract before us? True, as appellant's counsel contend, if any force whatever is to be given it, it must be that the tenancy of one year might be continued if the parties agreed, for it can not be said that it limits the original term to less than one year. But we think this language plain, and it need give us little concern in determining its force in this controversy. In the first place it means that when the stated term has expired the appellant could continue to hold for an indefinite time, whether for one year or ten, so long as he and the appellee agreed. On the other hand, it means that if appellant should hold over it must be subject to a time limited by an agreement with appellee, or if no agreement was made then subject to the will of appellee. In any event it was for no longer time than the appellee saw fit to make. But counsel say that the parties have construed its meaning, hence the court will look to the construction placed upon it by them. That the court will often do when the language used is ambiguous and uncertain, or susceptible of more than one construction.

The language referred to is not doubtful except the parties attempted to create a tenancy beyond the original term; that the appellee acted upon the assumption that the appellant could not hold beyond a year is clear to our minds from the fact that he notified appellant before

the year had expired that he could not hold over. It was not necessary that appellee give appellant notice any definite length of time before his year expired that he could not remain longer, but had he failed to do so, and appellant continued in possession, we could be called upon to decide the extent of his right to hold; but it appears in this case that appellant was notified before his year expired that he could not hold longer than to the end of his term. If he held beyond that time, after having received notice from appellee that he must give up possession, and without a new contract having been entered into, he held possession unlawfully, and no other or different notice was necessary before the bringing of this action.

We find no reason for which the judgment should be reversed. A fair trial seems to have been had and a just result reached.

Judgment affirmed.

Filed May 28, 1895.