## Lautman *v.* Miller et al.

[No. 19,816.    Filed April 23, 1902.]

Landlord and Tenant. — *Holding Over.* — *Action for Possession.* — *Special Interrogatories.*—In an action by a landlord for possession of premises held over by tenant, the jury found in answer to special interrogatories: That the tenant entered into possession without consent, but was afterwards recognized as tenant; that he paid rent and agreed to quit whenever requested; that he was notified that after April 1, 1898, his rent would be increased; that as tenant he remained in possession through February and March; and that his tenancy expired March 31st. *Held,* that these special findings were not inconsistent with a general verdict for plaintiff. *p. 384.*

Appeal.—*Question of Mixed Law and Fact.*—*Review.*—Whether an answer to a special interrogatory was sustained by the evidence, is a mixed question of law and fact and can not be presented for review on appeal, under §642 Burns 1901.  *p. 385.*

Landlord and Tenant.—*Possession.*—*Instruction.*—*Evidence.*—In an action against a tenant for possession, it was not error to refuse

to instruct the jury that plaintiff must prove that defendant agreed to leave the premises on a particular day, since evidence that he rented for a fixed period ending on that day would be sufficient. *p. 386.*

LANDLORD AND TENANT. — *Holding Over.* — *New Contract.* — Where a landlord wrote a tenant that, if he held the premises his rent would be $150 per month, the mere holding over without answering the letter did not create a new rental contract. *p. 386.*

SAME.—*Notice to Quit.*—Where the time for the expiration of a tenancy is fixed, the tenant is not entitled to notice to quit. The contract itself is sufficient notice. *p. 387.*

TRIAL.—*Interrogatories to Jury.*—In an action against a tenant for possession, the court submitted the following interrogatories to the jury: "If defendant's tenancy did not expire at the end of March, 1898, when did it expire by his agreement with the plaintiffs?" "If you answer the previous question 'yes,' when and how did they make such agreement?"—*Held,* that the questions did not ask for statements of evidence, but for facts. *pp. 387, 388.*

TRIAL.—*Interrogatory.*—*Conclusion of Law.*—*Harmless Error.*—In an action against a tenant for possession, an interrogatory submitted to the jury and the answer thereto were as follows: "If the defendant's tenancy expired at the end of March, 1898, was it necessary to give him any notice to quit?" Answer: "No." *Held,* that, although the question called for a conclusion of law, the error was harmless. *pp. 387, 388.*

From Lake Superior Court; *H. B. Tuthill,* Judge.

Action by Mary E. Miller and another against Jonas M. Lautman for possession of real estate. From a judgment for plaintiffs, defendant appeals. Transferred from the Appellate Court, under §1337u Burns 1901. *Affirmed.*

*J. G. Ibach* and *B. F. Ibach,* for appellant.
*P. Crumpacker,* for appellees.

DOWLING, J.—This action originated before a justice of the peace, and was brought by the appellees against the appellant to recover the possession of a town lot and house in the city of Hammond, alleged to be wrongfully held by the appellant, with damages for being kept out of possession. An appeal from the judgment of the justice was taken to the superior court of Lake county, and a trial by jury resulted in a verdict and judgment for appellees. Motions for judgment in favor of appellant upon the answers of the

jury to particular questions of fact, and for a new trial, were overruled. The errors assigned, and not waived by failure to discuss them, are the insufficiency of the complaint, and the rulings of the court upon the motions for judgment on the answers of the jury to the interrogatories submitted to them, and for a new trial. This appeal was taken before the act of 1901, regulating appeals to the Appellate Court, took effect.

The question of the sufficiency of the complaint was not raised by demurrer, and is presented in this court for the first time by an independent assignment of error. While that pleading contains much surplusage, its averments show that the appellant occupied the premises as the tenant of the appellees, that his term had expired, that he wrongfully held over, and that the appellee had sustained some damage.

The answers of the jury were to the effect that the appellant entered into the possession of the premises described in the complaint without the consent of the appellee, Mary E. Miller, the owner thereof; that he was afterwards recognized by her as her tenant; that he paid rent to her; that about the time he took possession of the premises he agreed to quit the same whenever requested; that appellee notified him that after April 1, 1898, his rent would be $150 per month; that with the consent of the appellee, the appellant remained in the possession of the premises during February and March, 1898; and, that his tenancy expired March 31, 1898. It was not found that appellant accepted the proposition to retain the premises after March 31, 1898, at a rental of $150 per month. No fact in these answers is inconsistent with the general verdict in favor of the appellees, and the court did right in overruling appellant's motion for judgment in his favor.

The grounds of the motion for a new trial discussed by counsel for appellant are (1) that the answer of the jury to question number one, asked by appellees, is not sustained by sufficient evidence; (2) that the court erred in refusing

to give instructions numbered from one to five inclusive, asked by the defendant, and in giving of its own motion instructions numbered five, six, seven, and eight; and (3) that the court erred in submitting interrogatories numbered two, four, and six to the jury to be answered by them in case they returned a general verdict.

The appellant presented and caused to be filed no general bill of exceptions, but has attempted to reserve questions of law decided by the court during the progress of the cause, under §642 of the civil code, §642 Burns 1901, §630 R. S. 1881 and Horner 1901. Whether the answer of the jury to question number one was sustained by sufficient evidence is not a question of law which can be reserved under §642 *supra,* but a mixed question of law and fact. As it is not properly presented here, we cannot review it. In *Haney* v. *Farnsworth,* 149 Ind. 453, it was held by this court that "it was not contemplated by this statute that questions depending upon the weight and sufficiency of the evidence should be presented by the practice therein provided, nor that the mere application of the law to the facts in a case, as in special findings, should be presented in the manner here attempted."

The next two grounds of the motion for a new trial were the giving by the court of its own motion instructions numbered five, six, seven, and eight, and its refusal to give instructions numbered one, two, three, four, and five, asked for by appellant.

The first instruction given informed the jury that they must determine from the proof the nature and term of the tenancy by which the appellant held the premises in dispute. The second defined a tenancy at will. The sixth explained the meaning of a tenancy from year to year, or from one period to another. The seventh stated that, if the tenancy was for a fixed period, no notice to quit was necessary; but if the tenancy was from month to month, or from one period

to another, notice to quit was required. The eighth was to the same effect. These instructions, as far as they went, stated the law correctly, and as it is laid down in the civil code in the chapter on landlord and tenant. §§7088-7118 Burns 1901, §§5207-5237 R. S. 1881 and Horner 1901. The court did not err in giving them.

The first instruction asked for by appellant was to the effect that if, at any time, the appellee recognized the appellant as her tenant, but did not limit the time of his tenancy, he thereupon became her tenant from year to year. This instruction was very indefinite, and, in view of the evidence in the case, was calculated to mislead the jury. The circumstances under which the appellant took possession of the premises, his declared purpose in occupying them, or his own statement of the time he would keep them, may have rendered it unnecessary for the appellees to fix the date of the expiration of the tenancy. So far as this instruction stated the law correctly, its subject was fully covered, and the rule was more accurately stated by the instructions given by the court.

The second instruction asked for by the appellant announced that the appellees must prove by a preponderance of the evidence that the appellant agreed to leave the premises on the 31st day of March, 1898. Proof that he rented for a fixed period ending March 31, 1898, would have entitled the appellees to a verdict in their favor, without other evidence that he agreed to leave on that day. The matter of this instruction, also, was included in the charge given by the court, in which the law was correctly stated.

The third instruction asked for stated that the agent of the appellees wrote the appellant a letter saying that if appellant held the premises after March 31, 1898, the rent would be $150 per month, and that by merely holding over, without answering the letter, or agreeing to its terms, a new contract of renting was created at $150 per month. This is not the law.

The fourth stated that, after sending the letter referred to in the third instruction, and until the offer of the appellees was accepted or rejected by the appellant, the appellees could recover no special damages occasioned by the wrongful occupancy of their property by the appellant. The only damages recoverable by the appellees were the fair rental value of the property, and her right to recover them was neither suspended nor taken away by the failure of the appellant to say whether or not he would accept her offer to rent to him for a further term.

The fifth instruction asked by appellant advised the jury that, if the appellant rented the premises for one month only, he was entitled to one month's notice to quit. This was not correct. If the time for the expiration of his tenancy was fixed, he was not entitled to notice. His contract afforded him sufficient notice of the time when he was to leave the premises. All these instructions were properly refused.

Lastly, the appellant complains of the action of the court in submitting to the jury, to be answered by them, questions of fact numbered two, four, and six, at the request of the appellees. The objections taken to them are thus stated in appellant's brief: "Interrogatories two, four, and six, asked by plaintiff, should not have been submitted, because these ask for statement of evidence, and number six asks what the law is." The interrogatories objected to, together with interrogatory number three and the answers to them, were as follows: "2. If Lautman's tenancy did not expire at the end of March, 1898, when did it expire by his agreement with the plaintiffs? Ans. It did expire March 31, 1898. 3. Did the plaintiffs, Miller and Miller, or either of them, agree with the defendant, Lautman, to let him have the premises longer than the end of March? Ans. No. 4. If you answer the last question 'yes', when and how did they make such agreement? Ans. We did not answer the above 'yes'." "6. If the defendant's tenancy expired at the end of

March, 1898, was it necessary to give him any notice to quit? Ans. No." Questions two and four did not ask for statements of evidence, but for material facts. Question numbered six did, indeed, ask for a conclusion of law, but the question and answer were harmless. The appellees derived no benefit from them, and the appellant was not prejudiced. None of the grounds for a new trial was sufficient to overthrow the verdict, and the motion was properly overruled.

There is no error in the record. Judgment affirmed.