## MILLINGTON *v.* O'DELL.

[No. 5,289. Filed April 4, 1905.]

1. PLEADING.—*Reply.*—*Whether Necessary on Appeal from Justice of the Peace.*—A reply to an answer is not necessary in a cause appealed from a justice of the peace. p. 225.
2. NEW TRIAL.—*Evidence.*—*Exclusion of.*—*Offer to Prove.*—The exclusion of evidence presents no ground for a new trial where no offer was made showing what such excluded evidence was. p. 226.
3. LANDLORD AND TENANT.—*Lease.*—*Notice to Quit.*—Where a house is leased for a definite time, notice to quit is not necessary. p. 227.
4. SAME. — *Holding Over.* — *Measure of Damages.* — The measure of damages for a tenant's holding over unlawfully is the rental value of the property. p. 227.

From Superior Court of Marion County (66,054); *James M. Leathers,* Judge.

Action by Margaretta O'Dell against Thomas Millington. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*M. L. Clawson,* for appellant.

*Hendricks & Payne, W. W. Spencer* and *E. W. Spencer,* for appellee.

COMSTOCK, C. J.—Appellee, who was plaintiff below, brought this action against appellant, before a justice of the peace of Marion county, for the unlawful detention of, and to recover possession of, real estate consisting of a dwelling-house in the city of Indianapolis. The justice rendered judgment in favor of the plaintiff for possession of the premises, and damages in the sum of $5 for the detention thereof. An appeal was taken to the Superior Court of Marion County. The trial in said court resulted in favor of the plaintiff for the possession of the real estate, and damages in the sum of $118.50 for unlawful detention.

1. The complaint alleges that the plaintiff on the 28th day of August, 1903, leased the premises in suit for the

term of one month from the 28th day of August, 1903, and
that said term expired on the 27th day of September, 1903.
A copy of the lease is made a part of the complaint, and
stipulates for "the tenancy to expire with the 27th day of
September, 1903." An answer in two paragraphs was
filed: (1) General denial; (2) that the defendant rented
the premises from plaintiff on the — day of ——, 1902, and
since said date has continuously occupied the same, and
continued paying therefor the sum of $22.50 per month in
advance, and that the defendant tendered to plaintiff on
the 28th day of September, 1903, the sum of $22.50, and
defendant refused to accept same, and that the plaintiff has
not at any time demanded possession or served notice on
him to vacate said premises; that the agent of plaintiff,
who rented the premises, knew at said time that defendant
was only a roomer in said house; that he knew that the
premises described in the complaint have been used and
are now used as a house of prostitution. Judgment for costs
is asked. No reply was filed to the answer. None
was necessary. *Turner* v. *Simpson* (1859), 12 Ind. 413;
*Carter* v. *Edwards* (1861), 16 Ind. 238.

The overruling of appellant's motion for a new trial and
numerous independent specifications of error are assigned,
but appellant asks for a reversal of the judgment "because
of the substantial injustice done him in the three following
instances." (1) The trial court erred "in excluding the
evidence of the general reputation of this house of prosti-
tution, and the district of prostitution surrounding it."
(2) The court erred in rendering judgment for appellee
"when there was no thirty days' notice to vacate." (3)
In rendering judgment against appellant for the rental
value of the property. Judgment should have been for costs
only. Even if appellee knew it was a house of prostitution,
and used as such, the judgment should have been only for
costs enough to regain possession of the premises.

2. Sadie O'Brien, a witness on behalf of the defendant,

was asked on her direct examination to state the reputation of the house in suit. Also to state the reputation of the neighborhood as to its being a district for houses of prostitution. The court sustained the objections to both of these questions. Counsel for appellant did not at any time state to the court what facts he intended to establish, nor did he make any offer to prove any fact which such question might elicit. The ruling complained of is therefore not properly reserved. *Breedlove* v. *Breedlove* (1901), 27 Ind. App. 560. If the character of the house was material under the issues—which we do not admit—it was established without contradiction by abundant evidence.

3. The complaint and the written lease show that the premises were leased for a specified time. No notice to quit was therefore necessary. §7094 Burns 1901, §5213 R. S. 1881.

4. While general damages are claimed for the property, they can only include rents for use and occupancy. The rental value of the house during the time thus detained was the proper measure of damage. *Barnett* v. *Feary* (1885), 101 Ind. 95; *Campbell* v. *Nixon* (1891), 2 Ind. App. 463, 473.

There was evidence to warrant the amount of the recovery. The finding and judgment were within the issues. Counsel for appellee suggest that the appeal should be dismissed for failure to comply with the rules of the court in the preparation of the transcript and the brief. The suggestion is not without merit, but we have waived the failure to comply with the rules, and, upon the merits of the case, find no error for which the judgment should be reversed.

Affirmed.