NOVEMBER TERM, 1911.  193

Habich *v.* University Park Bldg. Co.—177 Ind. 193.

# Habich *v.* University Park Building Company.

[No. 22,102.   Filed February 23, 1912.]

1. TRIAL.—*Verdict.—Answers to Interrogatories.—Conflict.—Presumptions.*—All reasonable presumptions are in favor of the general verdict, and the answers to interrogatories will control only when the conflict is such that it cannot be removed by any evidence admissible under the issues.   p. 196.

2. LANDLORD AND TENANT.—*Action for Possession.—Lease.—Renewal.—General Verdict.—Answers to Interrogatories.*—Where a lease contained a privilege for a renewal at a rental to be agreed upon between the parties before the beginning of the renewal term, answers to interrogatories, in an action for possession, that defendant gave notice of his intention to hold over and that after the expiration of said lease he continued in possession and that plaintiff demanded rent, and that defendant offered to pay and tendered rent at the rate fixed in said lease, do not show a renewal of the lease and are not in conflict with a general verdict for plaintiff.   pp. 196, 198.

3. LANDLORD AND TENANT.—*Holding Over.—Tenancy from Year to Year.*—The mere fact that a tenant holds over after the expiration of his lease does not create a tenancy from year to year.   p. 197.

4. TRIAL.—*Instructions.—Exceptions in Gross.—Not Available.*—Exceptions to two or more instructions in gross are not available if any one or more of such instructions are correct.   p. 198.

5. TRIAL.—*Instructions.—Exceptions.—Failure to Show by Whom Exceptions are Taken.*—Writing the statement "given and excepted to" at the bottom of an instruction given by the court of its own motion, without showing by whom the exception was taken, is not available, although it was dated and signed by the trial judge.   p. 199.

6. TRIAL.—*Instructions.—Request.—Sufficiency.*—Where instructions requested are not signed as required by statute, the refusal of the court to give such instructions is not available error.   p. 199.

7. EVIDENCE.—*Compromise of Controversy.—Admissibility.*—Evidence of an offer or proposition for the compromise of a legal controversy is not admissible for or against either party.   p. 200.

8. APPEAL.—*Harmless Error.—Admission of Evidence of Attempt to Renew Lease.*—In an action by a landlord for possession, the admission in evidence of what was said in an attempt to renew the lease, over the objection of defendant, was not reversible error, where the court instructed the jury that it was admitted

194 SUPREME COURT OF INDIANA,

Habich *v.* University Park Bldg. Co.—177 Ind. 193.

simply for any bearing it may have in showing whether or not an agreement was reached for a renewal of the lease. p. 200.

9. LANDLORD AND TENANT.—*Action for Possession.*—*Measure of Damages.*—The measure of damages when a tenant unlawfully holds over, where no special damages are alleged, is the rental value of the premises during the time they are so detained. p. 200.

From Superior Court of Marion County (75,569) ; *John L. McMaster,* Judge.

Action by University Park Building Company against Gus Habich. From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1405 Burns 1908, Acts 1901 p. 590.) *Affirmed.*

*Vincent G. Clifford, Winfield S. Moffett,* and *Adolph G. Emhardt,* for appellant.

*Charles O. Roemler, H. O. Chamberlin,* and *L. B. Swift,* for appellee.

MONKS, J.—It appears from the record that on December 1, 1902, appellant, by written instrument, leased from Madeline Maus, "the storeroom, and basement under same, situate No. 121 West Washington street; also the room over the rear part of said room, known as 'room eleven Commercial block', * * * in the city of Indianapolis, * * * for and during the term of five years, from January 1, 1903, with the privilege of five additional years at a rental to be agreed upon between the parties hereto at least sixty days before the beginning of that term," at a rental of $106 a month.

Later appellant leased two additional rooms in the same block from Madeline Maus for a period ending at the same time as the other lease and with the same privileges of renewal. The rent for these rooms was $20 a month, and by an agreement made later between lessor and lessee, the lessee was to pay $6.25 a month for heat and light furnished. This made a total of $132.25 a month. Before the expiration of the lease appellee became the landlord of appellant, having

taken a ninety-nine year lease of the property from Madeline Maus, and this relation was recognized by appellant.

Appellant and appellee failed to agree as to a renewal of said first lease, dated December 1, 1902, to commence January 1, 1903, for five years ending December 31, 1907, and on February 21, 1908, appellee commenced this action for possession of the real estate described in said first lease, and for damages for its detention after December 31, 1907, the date said lease ended by its own terms.

Appellant, defendant below, answered in three paragraphs: (1) General denial; (2) that he was lawfully in possession by a renewal of the lease under the option of which he had availed himself, in the manner provided in the original lease; (3) that appellant held over pending negotiations as to the amount of rent, that appellee had demanded rent and recognized him as tenant, that he was therefore lawfully in possession, and that the relation of landlord and tenant existed between appellee and appellant.

Later, on May 3, 1909, appellant filed a supplemental answer, setting out that at the end of one year, being at the end of the year 1908, appellant had surrendered possession, which had been accepted by appellee. The cause was tried on May 25, 1909, and on May 24, 1909, before the trial, appellant paid into court, as a tender to appellee in said cause, the sum of $1,272. A trial of said cause resulted in a general verdict in favor of appellee for $2,220. The jury returned with the general verdict answers to interrogatories submitted by the court at the request of appellant.

Appellant moved that the court render judgment on the answers to the interrogatories in the sum of $1,272 in favor of appellee, notwithstanding the general verdict, which was for $2,220. This motion was overruled by the court. The court also overruled appellant's motion for a new trial, and rendered judgment against him on the general verdict. Appellant urges a reversal on the grounds that the court erred

196    SUPREME COURT OF INDIANA,

Habich *v.* University Park Bldg. Co.—177 Ind. 193.

(1) in overruling the motion for judgment on the answers to the interrogatories, notwithstanding the general verdict, and (2) in overruling appellant's motion for a new trial.

Appellant's theory is "that the answers to the interrogatories show that he was lawfully in possession of said real estate, and that being lawfully in possession this action, which is in tort for possession and damages, must have failed, except for the fact that he had tendered and paid the rent for the year at $106 a month, the amount named in the five-year lease, which was tantamount to an offer to confess judgment for that amount, and which would entitle appellee to a judgment for that amount." Without determining the correctness of this theory, we will determine whether the answers to the interrogatories are in irreconcilable conflict with the general verdict, for if not, upon appellant's own theory his said motion for judgment was properly overruled.

All reasonable presumptions are in favor of the general verdict, and none will be indulged in favor of the answers to the interrogatories, which control the general verdict only when the conflict is such that it cannot be removed by any evidence admissible under the issues. *Consolidated Stone Co.* v. *Summit* (1899), 152 Ind. 297, 300, 301, 302, 53 N. E. 235.

The jury found in the answers to the interrogatories that "there was a privilege of renewal in the first lease," the one in controversy in this case, "at a price to be agreed upon by both parties;" that appellant continued in possession of the premises, described in the first lease, after January 1, 1908; that appellee demanded rent from appellant after January 1, 1908; that appellant offered to pay rent after January 1, 1908; that the monthly rental of the premises in the first lease was $106; that appellant tendered appellee $132.25, $106 of which was for the monthly rental of the premises described in the first lease; that before the expiration of the first lease, appellant notified ap-

NOVEMBER TERM, 1911.    197

Habich *v.* University Park Bldg. Co.—177 Ind. 193.

pellee that he expected to hold over; that appellant gave possession of the premises described in the first lease on December 31, 1908, and that appellee accepted possession thereof, and rented them to another tenant.

There is nothing in these answers of the jury showing that said first lease was renewed for another term of five years under the terms of said lease. Its renewal depended on the agreement of appellant and appellee as to the rent to be paid therefor. If no agreement was made between them as to the rent, it was not renewed. 1 Taylor, Landlord and Tenant (9th ed.) §333, p. 410; *Whetstone* v. *Davis* (1870), 34 Ind. 510, 511. True, the jury found that appellant notified appellee before the expiration of said first lease that he expected to hold over. This was not sufficient to renew the lease, nor was it sufficient to show that the relation of landlord and tenant existed between appellee and appellant after the expiration of said lease on December 31, 1907.

Appellant, however, contends that if said lease was not renewed, then by holding over after the termination of said lease on December 31, 1907, a tenancy from year to year was created, and the new tenancy was governed by the terms of the old lease, except as to duration: Citing *Ridgeway* v. *Hannum* (1902), 29 Ind. App. 124, 64 N. E. 44; *Kleespies* v. *McKenzie* (1895), 12 Ind. App. 404, 40 N. E. 648; *Alleman* v. *Vink* (1902), 28 Ind. App. 142, 62 N. E. 461. These cases are not in point, for the reason that in each case the tenant held over with the consent of the landlord, without any attempt to change the terms of the lease, or any objection thereto by either party. The mere fact that a tenant holds over after the expiration of his lease does not create a tenancy from year to year. *Whetstone* v. *Davis, supra; Dunphy* v. *Goodlander* (1895), 12 Ind. App. 609, 40 N. E. 924; *Chicago, etc., R. Co.* v. *Perkins* (1895), 12 Ind. App. 131, 38 N. E. 487.

When appellant held over after December 31, 1907—the expiration of his term—appellee had the right to treat him

198        SUPREME COURT OF INDIANA,

Habich *v.* University Park Bldg. Co.—177 Ind. 193.

either as a trespasser or a tenant, but appellant had
no such election.  1 Taylor, Landlord and Tenant
(9th ed.) §22.  Appellee may have been willing
to treat appellant as a tenant for another term of five years
under said lease, or for a shorter period, provided he paid
a larger rental for said premises than $106 a month, the sum
fixed in the lease.  For aught that appears from the answers
to the interrogatories, appellee's demand of appellant for
rent after January 1, 1908, may have been for $200 or more
a month, and that only on the payment of such monthly
rental would appellant be treated as a tenant after January
1, 1908.  We must presume in favor of the general verdict
that the demand was for more than $106 a month, and that
appellant refused to pay the sum demanded, and that appel-
lee refused to accept the sum of $106, the amount fixed by
the lease which had expired on December 31, 1907, when it
was tendered by appellant, and that appellee had never
agreed or consented to appellant's holding over.  It is evi-
dent that the answers of the jury to the interrogatories are
not in irreconcilable conflict with the general verdict, and
that the court did not err in overruling said motion.

Appellant complains of instruction one, given by the
court of its own motion.  The court gave four instructions
to the jury of its own motion.  Appellant excepted
to them in gross.  When an exception to two or more
instructions is taken in gross, it is not available if
any one or more of the instructions is correct.  In other
words, unless all the instructions so excepted to are erroneous,
the exception is not available.  Ewbank's Manual §28;
Elliott, App. Proc. §§791, 792; *State, ex rel.,* v. *Gregory*
(1892), 132 Ind. 387, 389, 390, 31 N. E. 952, and cases
cited; *Prescott* v. *Haughey* (1899), 152 Ind. 517, 522, 51
N. E. 1051, and cases cited; *Musgrave* v. *State* (1892), 133
Ind. 297, 313, 32 N. E. 885; *Inland Steel Co.* v. *Smith*
(1907), 168 Ind. 245, 252, 80 N. E. 538.

Nor does the statement "given and excepted to", written on the margin or at the bottom of each instruction given by the court of its own motion, although dated and signed by the trial judge, save any exception, for the reason that it does not show who excepted to the same. *Indiana, etc., R. Co.* v. *Bundy* (1899), 152 Ind. 590, 604, 605, 53 N. E. 175. As it is not claimed that all four instructions given by the court of its own motion were erroneous, no available error is presented as to the first.

Appellant also complains of the refusal of the court to give certain instructions requested by him. As the record does not show that the instructions requested by appellant were signed by appellant or his counsel, as required by statute, this is not available error. *Pittsburgh, etc., R. Co.* v. *O'Conner* (1909), 171 Ind. 686, 699, 700, 85 N. E. 969, and cases cited; *Beatty* v. *Brummett* (1884), 94 Ind. 76, 83; 9 Ind. Dig. Ann. title, Trial, §259, and cases cited.

The evidence shows that before the expiration of the lease appellee and appellant held three conferences for the purpose of making an agreement as to the amount of rental to be paid under the renewal clause of said lease, and that no agreement was made. At each conference appellee notified appellant that the rent therefor would be $200 a month, and at the last conference—in October, 1907—appellee notified appellant that unless he agreed to pay the increased rental he must give possession at the expiration of the lease on December 31, 1907. Appellee at said conferences made different offers as to the rent he was willing to pay under said renewal clause. What was said between the parties at said conferences was given in evidence at the trial, over the objection of appellant "that the introduction of this evidence is an attempt to show negotiations looking to the compromise of a business difficulty which did not result in a set-

200        SUPREME COURT OF INDIANA,

Habich v. University Park Bldg. Co.—177 Ind. 193.

tlement, and is showing an effort to compromise the matter in controversy, which effort failed." It is well settled

7. that an offer or proposition for the compromise of a legal controversy not accepted is not competent evidence for or against either party. *Louisville, etc., R. Co.* v. *Wright* (1888), 115 Ind. 378, 390, 16 N. E. 145, 71 Am. St. 432, and cases cited.

What was said at the conferences was not an attempt to compromise any legal controversy between the parties, but was an attempt to make a contract for a renewal of

8. said lease, and for that purpose to agree upon the rent to be paid for said premises under a renewal thereof. It was an attempt to make a lease for another period on the same terms as the one to expire December 31, 1907, except as to the rent to be paid. The trial court overruled appellant's objection, and admitted the evidence, but instructed the jury that it was simply admitted for any bearing it may have in showing whether any agreement was reached for a renewal of said lease, and that the amounts asked as rent by appellee under said renewal clause, and offered by appellant thereunder, were not to be considered by the jury in determining the rental value of said premises. No reversible error was committed by the court in admitting said evidence over said objection.

Appellant insists that the verdict was contrary to law, because it was more than the rental value under the original lease for the same period (one year) by $948. The

9. measure of damages when a tenant unlawfully holds over, and no special damages are alleged, as in this case, is the rental value of the premises during the time they are retained. *Rothschild* v. *Williamson* (1882), 83 Ind. 387, 390; *Lautman* v. *Miller* (1902), 158 Ind. 382, 387, 63 N. E. 761; *Millington* v. *O'Dell* (1905), 35 Ind. App. 225, 227, 73 N. E. 949, and cases cited.

The verdict, therefore, was not contrary to law for this reason.

Judgment affirmed.

Note.—Reported in 97 N. E. 539. See, also, (1) 38 Cyc. 1928; (2) 38 Cyc. 1926; 91 Am. Dec. 563; (3) 24 Cyc. 1032; (4) 38 Cyc. 1796; (5) 38 Cyc. 1792; (6) 38 Cyc. 1769; (7) 16 Cyc. 946; (8) 38 Cyc. 1446; (9) 39 Cyc. 870; 17 Ann. Cas. 284.